UNITED STATES v. GRODSON et al.

(District Court, N. D. Illinois, E. D. September 28, 1908.)

CONSPIRACY—CONSPIRACY TO COMMIT OFFENSE AGAINST UNITED STATES—CONCEALMENT OF PROPERTY BY BANKRUPT.

An indictment against a bankrupt and others, charging a conspiracy to conceal property of the bankrupt from his trustee in violation of the bankruptcy act, does not charge an offense under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), where it shows that the conspiracy was formed and the property removed and concealed by defendants prior to the bankruptcy, but does not aver that it was in contemplation of bankruptcy, or that any overt act was committed after the bankruptcy, although it charges a further conspiracy thereafter to continue the concealment.

On Demurrer to Indictment.

Edwin W. Sims, Dist. Atty., and Charles L. Abbott, for the United States.

Blum & Blum, for defendants.

SANBORN, District Judge. Demurrer to indictment for conspiracy. It is made an offense by the bankrupt law for the bankrupt to conceal property from the trustee. The act applies only to the bankrupt, and does not make it criminal for any other person to conceal the bankrupt's property for the purpose of preventing the trustee from receiving it. Field v. U. S., 137 Fed. 6, 69 C. C. A. 568. The indictment is challenged because, as it is argued, it does not allege a conspiracy to aid the bankrupt to conceal his property, but alleges a conspiracy, formed before the bankruptcy, that all the three defendants should so conceal.

From the first count it appears that the defendant Frederick Craber was adjudged bankrupt on July 6, 1907, on involuntary petition, and his trustee was appointed July 30, 1907. In April and May, 1907, Craber was in the retail clothing business in Chicago, and became insolvent, and the defendants Grodins and Grodson knew of such insolvency. Thereupon the three defendants arranged to have a large amount of Craber's stock, of the value of $4,164, shipped from his store to the defendant Grodins, and they were so shipped, and remained concealed until June, 1908, not being given up by Grodins or the other defendants to the trustee in bankruptcy. No overt act of concealment occurred after the bankruptcy. All that was done was for defendants to fail to discover the goods, or inform the trustee of their existence or place of concealment, and to fail to turn them over. Section 5440, Rev. St. (U. S. Comp. St. 1901, p. 3676), provides that if two or more shall agree together to commit an offense against the United States, and one of them shall do any act to effect the object

of the conspiracy, all of them shall be punished. Under this statute there must be an agreement to commit an offense, and then some overt act to carry it out. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. If the defendants had agreed, before the bankruptcy, to combine in order to enable Craber to go into bankruptcy, and then to secrete property from his trustee, a criminal conspiracy might appear. Cohen v. U. S. (C. C. A.) 157 Fed. 651. But all that is charged is that on May 10, 1907, two months before the bankruptcy, defendants agreed to commit the acts made an offense by section 29b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]) by advising Craber, with knowledge of his insolvency, to pack and send away from his place of business the goods aforesaid; and pursuant thereto he, for the purpose of defrauding his creditors, did so pack and send away and secrete such goods, which were received and secreted by the defendant Grodin, and that Craber afterwards became bankrupt, and a trustee was appointed, etc. There is no charge that bankruptcy was contemplated, or that the secreting of the goods was done to enable Craber to secrete the goods from a trustee to be afterwards appointed. Probably nothing more than a forced settlement with creditors or a fraudulent division of the spoils was anticipated. Certainly no crime is charged to have been either intended or committed.

It is also charged by the first and third counts that after Craber was adjudged bankrupt the defendants conspired to knowingly conceal from the trustee the aforesaid goods, and that in pursuance of the conspiracy and to effect the object thereof the defendants concealed the property from the trustee, and have at no time turned it over to him, nor has any other person done so, and that the defendants still continue to conceal such property. In other words, it is charged that defendants, after they had concealed the property, conspired to continue to conceal it, and did no act in furtherance thereof. They simply failed to act. Had they moved the property, or sold any part of it, the charge that they conspired to conceal it might possibly be sustained, although two of them could not commit the offense of concealment. But in the absence of this the indictment must be held bad and the demurrer sustained. Overt acts committed before the formation of the conspiracy are not admissible. Wilson v. People, 94 Ill. 299; State v. Moberly, 121 Mo. 604, 26 S. W. 364; Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. In the Cohen Case, supra, the significance of negative acts of concealment is discussed with reference to their unlawfulness per se; but in that case numerous positive acts, committed after the conspiracy, were stated in the indictment.