UNITED STATES v. LINTON et al.

(District Court, W. D. Washington, N. D. April 20, 1915.)

No. 2951.

CONSPIRACY &27, 43—CRIMINAL OFFENSE—STATUTORY PROVISIONS—OVERT ACTS.

Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201), providing that where two or more persons conspire to commit an offense against the United States, and one or more of them does any act to effect the object of the conspiracy, all parties thereto shall be liable to punishment, modifies the common-law offense of conspiracy, which was complete when the unlawful conspiracy was formed,

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and provides that there must not only be an unlawful conspiracy, but an overt act; and an indictment alleging that defendants at Vancouver feloniously conspired to violate the White Slave Traffic Act, and that it was their purpose to feloniously transport, and aid and assist in obtaining transportation for, a female in foreign commerce from Vancouver to Seattle, in the Northern division of the Western district of Washington, for immoral purposes, in violation of the White Slave Traffic Act, and which sets forth overt acts done to effect the object of the conspiracy in such district, charges an offense within the jurisdiction of the court, notwithstanding Const. Amend. 6, declaring that all criminal prosecutions must be had in the district wherein the crime shall have been committed.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39, 79, 80, 84–99; Dec. Dig. ☞27, 43.]

S. G. Linton and Alta Smith were indicted for a conspiracy to violate the White Slave Act. Demurrer to indictment overruled.

Clay Allen, U. S. Dist. Atty., and Winter S. Martin, Asst. U. S. Dist. Atty., both of Seattle, Wash., for the United States.

Griffin & Griffin, of Seattle, Wash., for defendants.

NETERER, District Judge. The indictment in this case charges a conspiracy to violate the White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1913, §§ 8812–8819]). It consists of two counts. Count 1 charges that the defendants—

"at Vancouver, in the province of British Columbia, in the Dominion of Canada, on the first day of January, A. D. one thousand nine hundred and thirteen, then and there being, did willfully, knowingly, feloniously, unlawfully, wickedly, and maliciously conspire, combine, confederate, and agree together, and together and with divers other persons to said grand jurors unknown, to commit an offense against the United States, to wit, to violate the 'White Slave Traffic Act' of June 25, 1910 (36 Statutes at Large, 825), in the following manner and particulars; that is to say: It was the purpose and object of the said conspirators, and each of them to willfully, knowingly, and feloniously transport and cause to be transported, and aid and assist in obtaining transportation for, and in transporting, a woman, to wit, the said Alta Smith, alias as aforesaid, in foreign commerce from the city of Vancouver, in the said province of British Columbia, to the city of Seattle, in the Northern division of the Western district of Washington, in the United States of America, for the purposes of prostitution, debauchery, concubinage, and other immoral purposes, all in violation of the White Slave Traffic Act as aforesaid. * * * "

Count 2 charges the violation of the same act in somewhat different language. The indictment then sets out overt acts of the defendant which were done to effect the object of such conspiracy in this district and division. A demurrer has been filed to the indictment, based upon insufficiency of facts in the indictment, and that the court is without jurisdiction.

It is contended by the defendants that the conspiracy charged is the gist of the action, and that under the Sixth amendment to the Constitution all criminal prosecutions must be had in the "district wherein the crime shall have been committed"; that the conspiracy, as charged, if any, took place in the province of British Columbia, and that this court has no jurisdiction of the action. Dealy v. U. S., 152 U. S. 539,

14 Sup. Ct. 680, 38 L. Ed. 545, Hyde v. Shine, 199 U. S. 76, 25 Sup. Ct. 760, 50 L. Ed. 90, and Palliser v. U. S., 136 U. S. 268, 10 Sup. Ct. 1034, 34 L. Ed. 514, are cited.

Section 37 of the Criminal Code (section 5440, Rev. Stat.) provides:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all * * * parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years, or * * * both fine and imprisonment, in the discretion of the court."

It is true that the gravamen of the offense is the conspiracy, and that at common law the offense was complete when the unlawful conspiracy was formed; but in the consideration of the charge of this indictment effect must be given to the change in the ancient law brought about by section 37, Criminal Code (section 5440, Rev. Stat.), which goes beyond the original abstraction and provides that, not only must the unlawful conspiracy be entered into, but as a necessary element to give vitality to the unlawful act some one of the conspirators must do some overt act to effect the object of such conspiracy, to complete the offense. The conspiracy alone is no offense under this section, but requires the overt act to give it vitality. The overt act, then, becomes a necessary element of the offense, and a part of it, and "as the act gives jurisdiction for trial, it is not essential where the conspiracy is formed, so far as the jurisdiction of the court in which the indictment is found and tried are concerned." Hyde v. U. S., 225 U. S. at page 367, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. The unlawful confederation or conspiracy of the parties must continue until the performance of an overt act to effect the object of the conspiracy, to be an offense. If either of the parties should withdraw from the conspiracy during the locus pœnitentiæ, or before the overt act, such party would be released from the consequences of such act and the prior agreement. The unlawful conspiracy, being entered into in British Columbia to commit an offense against the United States, continued with the parties on entering the jurisdiction of this court, and the doing of the overt act in furtherance of this conspiracy, within this district, vitalizes the conspiracy in this jurisdiction as fully as though it had originally been entered into here. Justice McKenna, in Brown v. Elliott, 225 U. S. 393, at page 401, 32 Sup. Ct. 812, 56 L. Ed. 1136, speaking for the court, says:

"As the place of the overt act may be the place of jurisdiction, it follows that the exact place where the conspiracy was formed need not be alleged. This case illustrates the evil which a contrary ruling would cause. The place where the conspiracy was formed was unknown to the grand jurors (and might be so in many cases), but it was intended to be executed in a number of states of the Union, and yet, under the rigor of the contention of appellants, the conspirators could not be tried in any of them. In other words, not the place of the activities of the conspiracy and where it incurs guilt, but the place of its formation, which no one may know or can find out, is the place of the jurisdiction of its trial. And what compels this? It is answered: The sixth amendment of the Constitution of the United States. We have determined otherwise in Hyde v. United States, 225 U. S. 347 [32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614]."

These parties cannot be prosecuted in British Columbia. Can it be said that parties living on the border line of the United States could go across into Canada or Mexico and enter into a conspiracy to defraud the United States, and then come into the United States and proceed to carry out the unlawful confederation, and not be subject to the jurisdiction of the courts of the United States? The courts will not subscribe to such a doctrine.

I am not unmindful of the language used by Justice Brewer in Dealy v. U. S., supra, nor the cases cited by counsel; but they can all be readily distinguished and have no application to the facts charged in this indictment. Justice McKenna, in Hyde v. U. S., 225 U. S. 349, at page 359, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, says:

"Indeed, it must be said that the cases abound with statements that the conspiracy is the 'gist' of the offense, or the 'gravamen' of it, and we realize the strength of the argument based upon them. But we think the argument insists too exactly on the ancient law of conspiracy, and does not give effect to the change made in it by section 5440, supra. It is true that the conspiracy, the unlawful combination, has been said to be the crime, and that at common law it was not necessary to aver or prove an overt act; but section 5440 has gone beyond such rigid abstraction, and prescribes, as necessary to the offense, not only the unlawful conspiracy, but that one or more of the parties must do an 'act to effect' its object, and provides that when such act is done 'all the parties to such conspiracy' become liable. Interpreting the provision, it was decided in Hyde v. Shine, 199 U. S. 62, 76 [25 Sup. Ct. 760, 50 L. Ed. 90], that an overt act is necessary to complete the offense. And so it was said in United States v. Hirsch, 100 U. S. 33 [25 L. Ed. 539], recognizing that, while the combination of minds in an unlawful purpose was the foundation of the offense, an overt act was necessary to complete it. It seems like a contradiction to say that a thing is necessary to complete another thing, and yet that other thing is complete without it. It seems like a paradox to say that anything, to quote the solicitor general, 'can be a crime of which no court can take cognizance.' The conspiracy, therefore, cannot alone constitute the offense. It needs the addition of the overt act. Such act is something more, therefore, than evidence of a conspiracy. It constitutes the execution or part execution of the conspiracy, and all incur guilt by it, or rather complete their guilt by it, consummating a crime by it cognizable then by the judicial tribunals; such tribunals only then acquiring jurisdiction."

The demurrer is overruled.