## UNITED STATES v. SCHENCK et al.

### (District Court, E. D. Pennsylvania. September 9, 1918.)

### No. 111.

1. CRIMINAL LAW ⬤⟳423(3)—ACTS OF CONSPIRATORS—EVIDENCE.

    In a prosecution for conspiracy to obstruct the draft, minutes of meetings of an executive committee kept by one of defendants, a committee member, showing passage of resolutions pursuant to which the other defendant caused circulars to be printed and mailed to persons drafted, *held* admissible against both defendants.

2. CONSPIRACY ⬤⟳24—CRIMINAL CONSPIRACY.

    It is immaterial at what time a defendant joined a criminal conspiracy, where it is shown that he joined with others in carrying out the common design.

Criminal prosecution by the United States against Charles T. Schenck, Elizabeth Baer, and others. On motion by defendants named for new trial. Denied.

Francis Fisher Kane and T. Henry Walnut, both of Philadelphia, Pa., for the United States.

Henry J. Gibbons and Henry John Nelson, both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The jury was directed to acquit the defendants Sehl, Root, and Higgins, because there was not sufficient evidence to connect them with the charge in the indictment.

The motion for a new trial as to Charles T. Schenck and Dr. Elizabeth Baer is based upon the claim that there was not sufficient evidence to establish a conspiracy between them.

[1, 2] The principal ground of error urged is the action of the court in admitting in evidence the minutes of the meetings of the executive committee of the Socialist party on August 13 and August 20, 1917. The evidence showed that Schenck was general secretary of the Socialist party; that the typewritten minutes and the notes in longhand were found in his office at the headquarters of the Socialist party, of which he was in charge, and were identified by him as such, and the longhand notes were stated by him to be those of the secretary. There was testimony to show that Schenck ordered the circulars printed and that they were distributed from the headquarters. There was testimony that the minutes were admitted by Dr. Baer to be hers. In the minutes her name appears as secretary of the meeting. It was further shown by the mouth of the defendants' own witness that she was a member of the executive committee. The minutes were therefore evidence, at least, against her as admissions by her of acts done with others "to the grand inquest unknown" and relevant and material to show her connection with the alleged conspiracy and overt acts in its accomplishment. There was evidence

that what was proposed in the minutes was carried out by Schenck as general secretary of the Socialist party, that the plan adopted by the resolution of August 13th was ratified and further instructions given to Schenck at the following meeting on August 20th after the preparation and printing of the circulars, and that thereafter the circulars were distributed at the office under his charge and were sent through the mails to men who had been accepted in the draft. The minutes were therefore clearly admissible against him as declarations and acts showing a common design in the transaction and in and of themselves forming part of the circumstances in which the alleged conspiracy was formed and carried out. The minutes therefore not only affected Dr. Baer, but her associate in the common enterprise, Schenck. And it is immaterial at what time Schenck joined the conspiracy, or whether he was present at the meetings, provided he and Dr. Baer were joined in carrying out the common design. United States v. Logan (C. C.) 45 Fed. 872; United States v. Cassidy (D. C.) 67 Fed. 698; United States v. Cole, Fed. Cas. No. 14,832; Sommer v. Gilmore, 160 Pa. 129, 28 Atl. 654; Palmer v. Gilmore, 148 Pa. 48, 23 Atl. 1041; McCabe v. Burns, 66 Pa. 356; Stewart v. Johnson, 18 N. J. Law, 87; McCaskey v. Graff, 23 Pa. 321, 62 Am. Dec. 336.

I am of the opinion that the minutes were evidence, not only against Dr. Baer, but against Schenck, and that there was sufficient evidence from which the jury could find the conspiracy and overt acts in furtherance thereof. Motion denied.