## TURINETTI v. UNITED STATES.

### AZZOLIN v. SAME.

(Circuit Court of Appeals, Eighth Circuit. October 23, 1924.)

Nos. 6475, 6476.

1. **Criminal law** ⚖=590(1)—**Denial of continuance to permit defendant to prepare defense held error.**

Where defendant, though previously indicted, was not arrested until 9 o'clock on night preceding day on which he was brought to trial at 10 o'clock, it was error to refuse time within which to prepare defense, or within which to file formal motion for continuance.

2. **Criminal law** ⚖=552(3) — **Circumstances merely arousing suspicion of guilt are insufficient to sustain conviction.**

Circumstances merely arousing suspicion of guilt are insufficient to sustain conviction for criminal offense.

**3. Conspiracy ⬤═47—Evidence held insufficient to sustain conviction for conspiracy to violate the Volstead Act.**

Evidence *held* insufficient to sustain conviction for conspiracy to violate the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

**4. Criminal law ⬤═559—Where circumstance is susceptible of inference in favor of defendants' innocence, it has no probative value as evidence of guilt.**

When a circumstance relied on as evidence of guilt is susceptible of inference favorable to innocence, it is robbed of all probative value, though from other inference guilt may be fairly deducible.

**5. Conspiracy ⬤═23 — Reversal of conviction for conspiracy held necessary, in view of insufficiency of evidence to sustain conviction of alleged coconspirator.**

Where on appeal evidence was held insufficient to sustain conviction of one of two defendants for conspiracy to violate Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), a reversal as to other also was necessary, since he could not have conspired alone, notwithstanding evidence clearly establishes some offense or offenses by him.

Stone, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

John Turinetti and Frank Azzolin were each convicted of conspiracy to violate the Volstead Act, and they separately bring error. Reversed.

William N. Jamieson, of Jamieson, O'Sullivan & Southard, of Omaha, Neb. (William E. Lovely, of Omaha, Neb., on the brief), for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

FARIS, District Judge. Plaintiffs in error here, who were defendants below, were jointly indicted and jointly tried for a conspiracy to violate the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for that they formed such conspiracy with others, and thereafter, to carry it into effect, set up a still and manufactured whisky. On the trial, the wives, respectively, of Turinetti and Azzolin, and one Bertino, also jointly indicted with defendants herein, were ordered acquitted for lack of evidence. While separate writs of error were taken, the record here is a joint record, and the cases were argued and heard together, and may be disposed of in a single opinion.

[1] On behalf of both defendants it is contended (a) that the indictment is bad;

and (b) that there is no sufficient evidence to take the case to the jury. On behalf of Azzolin, it is urged that the court erred in refusing to allow him to present a formal motion and affidavits for a continuance or postponement of the case. On this point it is contended, and not denied, that, while he was indicted some 10 days before the trial, he was not arrested till only some 12 hours before he was actually put on trial; that is to say, he was arrested about 9 o'clock on a certain night, and compelled to go to trial at about 10 o'clock in the forenoon of the following day. His counsel asked for further delay within which to prepare his defense, which being refused, counsel thereupon requested time within which to file a formal motion for a continuance and to prepare and present affidavits in support thereof. The court refused to permit this to be done, and Azzolin excepted. We think this was error.

[2] We are further of the view that there was not any sufficient evidence to take the case to the jury as to Azzolin. He may be guilty; the facts and circumstances adduced arouse a suspicion of guilt, but mere suspicion is not a sufficient ground on which to convict a man of any criminal offense. State v. Gordon, 199 Mo. 591, 98 S. W. 39. The most that the evidence offered against Azzolin tended to show was (a) that he owned and himself occupied a disconnected part of the building in which his tenant and codefendant Turinetti, who occupied another part, set up and operated the still in question; (b) that Azzolin personally paid the water rates on the entire premises, including the apartments occupied by Turinetti; (c) that the still was so placed, of such size, capacity, and construction, that Azzolin must have known of its presence in the premises which he leased to Turinetti; and (d) that the premises, while divided for separate occupancy by two or more families, were L-shaped, thus making the distance between the respective rear entrances thereof only some 60 feet.

[3, 4] All these facts together do not make out a case against Azzolin. His knowledge even that the still was in Turinetti's apartment would not render him guilty under the charge here; whether knowledge by Azzolin of Turinetti's intent, if in fact he had such, to set up and run a still in the premises, at and before he leased them to the latter, would render Azzolin guilty, need not be decided, because there is no evidence or circumstance in the case indicating either that Azzolin had such knowl-

edge or that Turinetti harbored such intent. The fact of payment of the water rates is susceptible of an inference making for innocence; that is, that since this is often done by, and is usually· required of, the landlord, such payment could well have been done in the usual compliance with a rule or an ordinance of the municipality. Whenever a circumstance, relied on as evidence of criminal guilt, is susceptible of two inferences, one of which is in favor of innocence, such circumstance is robbed of all probative value, even though from the other inference, guilt may be fairly deducible. We conclude that the court ought to have directed a verdict as to Azzolin, and so, for the two errors noted, the case as to him should be reversed.

[5] It is obvious that this conclusion renders reversal necessary also as to Turinetti. Clearly the latter is guilty of some offense or offenses against the National Prohibition Act. The trial court correctly found that Mrs. Turinetti, Mrs. Azzolin, and one Bertino, 'jointly indicted with Turinetti and Azzolin, were under the evidence not guilty of conspiracy. We are of opinion, as already said, that the court below erred in not making a similar ruling in favor of Azzolin, because of lack of sufficient evidence to show that he was guilty of a conspiracy. Therefore, since Turinetti could not have conspired with himself alone, he could not under the law be convicted of a conspiracy. It follows that there is no lawful way to avoid a reversal also as to Turinetti, although, under the evidence, he violated one or more provisions of the National Prohibition Act. For the latter violations, however, he was neither indicted nor convicted, and so the fact of such other violations will not warrant affirmance of this conviction for conspiracy.

Since the case must, for the reasons already given, be reversed as to both defendants, we need not consider whether the indictment is bad, as urged, for that it fails to aver what particular provision or provisions of the National Prohibition Act defendants conspired to violate, and thus fails fully to inform defendants of the charge against which they are required to defend themselves. While the point is, upon principle, a fairly simple one, it is obvious that, unless the evidence shall be greatly strengthened upon another trial, defendants cannot be convicted on the charge here before us.

Let the case, for the errors noted, be re-
2 F.(2d)—2

versed for further proceedings not inconsistent with the views herein expressed.

STONE, Circuit Judge (dissenting in part). I concur in the remand of the Azzolin Case. I base this solely upon the action of the court in refusing that defendant an opportunity to file a motion and affidavit for a continuance and to perfect his record upon that matter. Such was necessary to enable this court to pass upon the propriety of the refusal of the continuance.

I dissent from remand of the Turinetti Case. While he had his writ of error here, it was not argued by counsel. I think there was evidence from which the. jury might have found a conspiracy It is undisputed that Turinetti was making the whisky in a large still and had a large quantity of mash and new whisky on the premises. It is also undisputed that Azzolin furnished the water used and necessary in making this whisky. The evidence is clear, to my mind, that he knew this whisky was being made on his premises and with this water. I think one cannot knowingly permit his premises to be used for an unlawful purpose and knowingly· contribute a necessary ingredient or element to the· prosecution of that purpose without being a party to the unlawful act. Whether Azzolin had knowledge of the unlawful intentions of Turinetti at the time the lease was executed is not controlling. If thereafter he became aware of such usage of the premises and water and did not, within a reasonable time, take reasonable steps to terminate such unlawful usage, such inaction is evidence of a consent to such usage and of such community of accord and action as to constitute conspiracy.