## MORROW et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 10, 1926.)

No. 7005.

1. **Indictment and information** ⊛►11(2)—**Overruling demurrer to indictment, filed more than 10 months after indictment was returned, held within court's discretion.**

Overruling demurrer to indictment, filed more than 10 months after indictment was returned, and after a term of court had been held subsequent to filing of indictment, *held* within court's discretion, and not abuse thereof.

2. **Indictment and information** ⊛►121(2)—**Refusal of bill of particulars held not abuse of discretion, requiring reversal (Penal Code, § 37 [Comp. St. § 10201]; Bankruptcy Act, § 29b [Comp. St. § 9613]).**

In prosecution under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to violate National Bankruptcy Act, § 29b (Comp. St. § 9613), refusal of bill of particulars *held* not abuse of discretion.

3. **Criminal law** ⊛►25—**Whether bankruptcy was voluntary or involuntary is immaterial, in prosecution for conspiracy to violate Bankruptcy Act (Penal Code, § 37 [Comp. St. § 10201]; Bankruptcy Act, § 29b [Comp. St. § 9613]).**

In prosecution under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to violate National Bankruptcy Act, § 29b (Comp. St. § 9613), it is immaterial whether bankruptcy was voluntary or involuntary.

4. **Criminal law** ⊛►1122(5).

Exceptions to denial of requested instructions present nothing for review, where such instructions are not in record.

5. **Criminal law** ⊛►681(3)—**Evidence of act of one alleged conspirator before date of conspiracy alleged held improperly allowed to remain in record, where no subsequent evidence showed conspiracy existed at time of such act (Penal Code, § 37 [Comp. St. § 10201]; Bankruptcy Act, § 29b [Comp. St. § 9613]).**

In prosecution under Penal Code, § 37 (Comp. St. § 10201), for conspiracy to violate Bankruptcy Act, § 29b (Comp. St. § 9613), by concealing assets, in which cause was dismissed or verdict directed as to all defendants except M. and G., evidence as to concealment of assets by M. in August, 1921, three months prior to the time fixed in indictment as the commencement of conspiracy, after having been admitted as to M. with instruction that, for both to be guilty, a conspiracy between M. and G. must appear, and that the concealment in evidence must have occurred after the conspiracy, *held* erroneously allowed to remain in the record and go to the jury, where no subsequent evi-

dence was introduced connecting G. with M. in a conspiracy formed as early as August, 1921.

**6. Conspiracy ☞27—Concealment of bankrupt's assets, to constitute overt act, must have occurred after conspiracy was formed (Penal Code, § 37 [Comp. St. § 10201]; Bankruptcy Act, § 29b [Comp. St. § 9613]).**

Under Penal Code, § 37 (Comp. St. § 10201), and Bankruptcy Act, § 29b (Comp. St. § 9613), to constitute an overt act in conspiracy to conceal bankrupt's assets, concealment must have been made after conspiracy was entered into.

**7. Criminal law ☞422(3).**

As respects admissibility of evidence of acts of conspirators against one later joining when such a defendant joined conspiracy is immaterial, if he united with those already in, in carrying out common design.

**8. Criminal law ☞423(1)—Act of one conspirator is act of all, and admissible against all, if done while conspiracy was pending and in furtherance of its object.**

Act of one conspirator is act of all, and is evidence against all, if done while conspiracy was pending and in furtherance of its object.

**9. Criminal law ☞422(3).**

Acts of person committed prior to the formation of a conspiracy are not admissible against his subsequent coconspirator.

**10. Conspiracy ☞43(12).**

Evidence of an overt act not charged is admissible, if done in furtherance of conspiracy.

**11. Conspiracy ☞23—Reversal as to one of two defendants convicted of conspiracy held to carry with it reversal as to the other.**

Error requiring reversal as to one of two defendants convicted of conspiracy *held* to carry with it reversal as to the other.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

D. C. Morrow and another were convicted of conspiracy to violate the National Bankruptcy Act, and they bring error. Reversed and remanded.

Arthur L. Oliver, of St. Louis, Mo., and James A. Finch, of New Madrid, Mo. (Robert Smith and Orville Zimmerman, both of Kennett, Mo., on the brief), for plaintiffs in error.

Allen Curry, U. S. Atty., of St. Louis, Mo.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. At the April, 1923, term of the District Court of the United States for the Southeastern Division of the Eastern Judicial District of Missouri, an indictment was returned by the grand jury,

charging D. C. Morrow and Chester Gregson, plaintiffs in error, and J. R. Morrow, J. J. Smith, W. A. Morrow, and John Morrow, with having willfully, knowingly, unlawfully, and feloniously conspired to commit an offense against the United States, viz. the violation of section 29b of the National Bankruptcy Act of July 1, 1898 (Comp. St. § 9613), in that, in anticipation of the voluntary bankruptcy of plaintiff in error D. C. Morrow, they concealed from the trustee in bankruptcy of the said D. C. Morrow certain property belonging to the estate in bankruptcy, consisting of farm implements and other articles of goods, wares, and merchandise of great value, and that in pursuance of said conspiracy, and to effect the object thereof, large quantities of property and merchandise belonging to said D. C. Morrow, consisting of farm implements, flour, harness, sugar, notes, money, etc., were by them removed and caused to be carried away from the place of business of the said D. C. Morrow in the city of Campbell, and secreted in various places, for the purpose of concealing and hiding said property from the creditors of the said D. C. Morrow, and from the trustee in bankruptcy of the said D. C. Morrow thereafter to be appointed, and with the intent and purpose of preventing said merchandise from coming to the knowledge and possession of said trustee, all to defraud the creditors of the said D. C. Morrow.

A joint demurrer to the indictment and a motion for bill of particulars were filed by defendants on March 3, 1924. On motion of the United States district attorney the court on April 15, 1924, ordered that the same be stricken from the files, because untimely and imprudently filed, and also overruled the motion for a bill of particulars. Prior to the trial the cause was dismissed as to defendants J. J. Smith and John Morrow.

At the close of all the testimony, defendants J. R. Morrow, W. A. Morrow, D. C. Morrow, and Chester Gregson filed motions for an instructed verdict of acquittal, which were overruled as to D. C. Morrow and Chester Gregson. The court, before instructing the jury, stated that there was nothing sufficient in law to hold W. A. Morrow and J. R. Morrow, and that at the proper time he would direct the jury to find them not guilty. October 16, 1924, the jury returned a verdict of guilty as to defendants D. C. Morrow and Chester Gregson, and by direction of the court returned a verdict of not guilty as to defendants J. R. Morrow and W. A. Morrow.

Motions for new trial and in arrest of judgment were overruled, and on the 17th of

October, 1924, defendant D. C. Morrow was sentenced to a term of 18 months in the United States penitentiary at Leavenworth and fined $300. The defendant Chester Gregson was fined $200. These defendants bring the case here on writ of error, and assign a number of errors for our consideration.

Plaintiffs in error D. C. Morrow and Chester Gregson (hereafter for convenience designated as defendants) stand convicted of the charge of having conspired under section 37, Penal Code of the United States, to commit an offense against the United States, viz. the violation of section 29b of the National Bankruptcy Act of 1898. All others of the original defendants have been freed of the charge. Said section 37 is as follows: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both." (Comp. Stat. § 10201).

Section 29b of the National Bankruptcy Act, so far as it pertains to this matter, is as follows: "A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy."

We take up the various points urged by plaintiffs in error.

First. That there was no substantial evidence to warrant submitting to the jury the question of their guilt or innocence. The evidence, as in nearly all cases of conspiracy, was circumstantial, and in view of another trial we deem it unwise to enter into any discussion thereof. However, we are satisfied on the record presented that the court did not err in refusing to sustain motions on the part of defendants to instruct verdicts of acquittal.

[1] Second. The claim that the court abused its discretion in striking the joint demurrer of defendants from the files is not well taken. The indictment was returned and filed on April 11, 1923. The demurrer was filed March 3, 1924, more than 10 months after the indictment was returned, and after a term of court had been held subsequent to the filing of the indictment. This matter was within the sound judicial discretion of the court, and there was no abuse thereof. Hillman v. United States, 192 F.

264, 112 C. C. A. 522; Durland v. United States, 16 S. Ct. 508, 161 U. S. 306, 40 L. Ed. 709; Holt v. United States, 31 S. Ct. 2, 218 U. S. 245, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

[2] Subsequent developments in the case indicate it might have been wise, in view of the general nature of some of the charges, to have granted the motion for bill of particulars. Such matter, however, was within the discretion of the trial court, and we are of opinion that the refusal to grant the motion cannot be held to be such abuse of discretion as to require a reversal. Talmadge et al. v. United States (C. C. A.) 4 F.(2d) 378; United States v. Pierce et al. (D. C.) 245 F. 888; Rosen v. United States, 16 S. Ct. 434, 480, 161 U. S. 29, 40 L. Ed. 606.

[3, 4] Third. It is urged that a certain part of the court's charge to the jury touching upon the involuntary and voluntary petitions in bankruptcy filed against and by the defendant D. C. Morrow were erroneous. We are satisfied the court was entirely right in charging the jury that it was immaterial whether the bankruptcy was voluntary or involuntary. At the close of the court's instructions counsel for defendant, when invited by the court to call its attention to anything that had been omitted, said: "To the eminently fair charge of the court I have no objection, other than to save my exceptions to requests 6 and 7, and also the court's charge with reference to the consideration of the voluntary petition in bankruptcy." Exceptions here seem to be preserved to the failure to give certain instructions asked by defendants in the trial court, but the instructions requested do not appear in the record. Hence there is nothing in relation thereto before us.

Fourth. Certain objections are urged to evidence of the government's witness, Pearson, but we think such objections are not substantial, and, were there any error, it was without prejudice to defendants' rights.

[5] Fifth. The third and fourth specifications of error cover assignments of error 9 and 10, and challenge our very thoughtful attention. They relate to certain of the evidence of John Ponder, cashier of the State Bank at Campbell, Mo., and F. P. Bess, cashier of the Holcomb Liberty Bank at Holcomb, Mo. It was shown by these witnesses, over the objection of defendant Gregson, that D. C. Morrow, his codefendant, became indebted to the State Bank of Campbell, Mo., in 1918 or 1919, and that this indebtedness amounted on December 20, 1920 to $9,989.60, for which a note was taken. The bank had some security from Morrow in the nature of

a mortgage on his cotton gin. On August 10, 1921 Morrow, who was the owner of 100 shares of stock in the Holcomb Liberty Bank, surrendered the same to the bank and had new stock in like amount reissued in the name of his mother, Mrs. N. M. Morrow, which he gave to the State Bank of Campbell as additional security. There was no assignment of the stock, and it was surrendered to defendant Morrow by the bank some months previous to March 1, 1924. The indebtedness represented by the note "was cleaned up March 1, 1924." It must be noted that the transaction of issuing the Holcomb Liberty Bank stock to Mrs. N. M. Morrow occurred about five months before bankruptcy, and nearly three months prior to the time fixed in the indictment as the commencement of the conspiracy.

[6] The instrument charges the conspiracy as covering the period from November 21, 1921 to the date of returning the indictment, and charges the overt acts as taking place in November and December, 1921, and January and February, 1922. The court, in overruling the objections to this evidence, stated: "Overruled so far as it concerns D. C. Morrow." With reference to this matter the court said in its instructions: "If you shall find, bear in mind, that although D. C. Morrow concealed bank stock, money, or property of whatever sort, of whatever amount, from his creditors, yet Chester Gregson had nothing to do with that, and Gregson was not guilty of entering into any conspiracy with him, then you cannot find D. C. Morrow guilty, for the very simple reason that he is not being prosecuted for concealing assets. ＊ ＊ ＊ So the first matter that ought to engage your attention, in the opinion of the court, is a decision of the question as to whether there was a conspiracy between Chester Gregson and D. C. Morrow. If you find there was, and if you find that after that conspiracy was entered into D. C. Morrow did conceal bank stock, did conceal notes, did conceal money, or anything else so concealed, such concealment would constitute an overt act within the purview of this statute and both would be guilty." The court in these instructions correctly told the jury that the bank stock must have been concealed after the conspiracy was entered into, to constitute an overt act within the purview of the statute. Section 37, Penal Code.

[7] The government's answer to the claim that this evidence was improper is that Chester Gregson was a party to the conspiracy, that it made no difference when he joined the same, and that the separate overt acts of each of the defendants were binding on both. The government's contention that it is immaterial when a defendant joins a criminal conspiracy is correct, where it appears that he united with those already in the conspiracy in carrying out the common design. United States v. Cassidy et al. (D. C.) 67 F. 698; United States v. Schenck et al. (D. C.) 253 F. 212; United States v. Babcock, Fed. Cas. No. 14,487; Allen et al. v. United States (C. C. A.) 4 F.(2d) 688.

[8, 9] It is also true, as claimed by the government that the act of one conspirator in the prosecution of the enterprise and carrying out the purpose thereof is evidence against all of the conspirators and is considered the act of all, and is admissible against the other conspirators; yet such act must be, as the Supreme Court says in Brown v. United States, 14 S. Ct. 37, 39, 150 U. S. 93, 98 (37 L. Ed. 1010), "done and made while the conspiracy is pending, and in furtherance of its object." Admissions or acts of a conspirator after the conspiracy has terminated are not admissible against a former conspirator, nor are acts of a person committed prior to the formation of a conspiracy admissible against his subsequent coconspirator. The rule as to declarations or acts of one conspirator is that they are admissible as against a coconspirator, if occurring during the pendency of the conspiracy and in furtherance of its object. Brown v. United States, 14 S. Ct. 37, 150 U. S. 93, 37 L. Ed. 1010; Logan v. United States, 12 S. Ct. 617, 144 U. S. 263, 36 L. Ed. 429; Lonabaugh et al. v. United States, 179 F. 476, 103 C. C. A. 56; Fain v. United States, 209 F. 525; United States v. Grodson et al. (D. C.) 164 F. 157; Morris v. United States (C. C. A.) 7 F.(2d) 785; United States v. Cassidy et al. (D. C.) 67 F. 698; Wiborg v. United States, 16 S. Ct. 1127, 1197, 163 U. S. 632, 41 L. Ed. 289; Wharton's Criminal Law, vol. 2 (11th Ed.) § 1672; Wigmore on Evidence, vol. 2, § 1079; Ex parte Black et al. (D. C.) 147 F. 832; United States v. Ehrgott et al. (C. C.) 182 F. 267.

The overt act or acts relied on to complete the offense here charged (United States v. Rabinowich, 35 S. Ct. 682, 238 U. S. 78, 59 L. Ed. 1211; Hyde and Schneider v. United States, 32 S. Ct. 793, 225 U. S. 347, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Joplin Mercantile Co. v. United States, 35 S. Ct. 291, 236 U. S. 531, 59 L. Ed. 705; United States v. Baker et al. [D. C.] 243 F. 741; United States v. Linton et al. [D. C.] 223 F. 677) must therefore be subsequent to the formation of the conspiracy (United States v.

Grodson et al. [D. C.] 164 F. 157; Dealy v. United States, 14 S. Ct. 680, 152 U. S. 539, 546, 38 L. Ed. 545; State v. Walker, 100 N. W. 354, 124 Iowa, 414; Wilson et al. v. United States [C. C. A.] 275 F. 307, 314; United States v. Richards et al. [D. C.] 149 F. 443; James Wilson v. People of the State of Illinois, 94 Ill. 299).

[10] While the secretion and manipulation of the bank stock was not charged in the indictment as part of the conspiracy, or as one of the overt acts, evidence would be admissible thereof, if it were done in pursuance of the conspiracy and to carry out its object and purpose. Houston et al. v. United States, 217 F. 852; Bannon and Mulkey v. United States, 15 S. Ct. 467, 156 U. S. 464, 39 L. Ed. 494.

We have carefully examined the record to ascertain whether there was any evidence connecting defendant Gregson with D. C. Morrow in a conspiracy formed as early as August, 1921, which was nearly three months before the date the indictment charges as the commencement of the conspiracy. We find none. Gregson had nothing to do with the transfer of the bank stock or with the bank transactions of Morrow. It was not an act done to carry out the object of the conspiracy, because the alleged conspiracy was not then in existence. The court, in limiting this evidence, when it was introduced, to its effect as to D. C. Morrow, apparently was of the opinion that it would not be admissible as to Chester Gregson, unless the evidence in the case in its further development should show a conspiracy existing at the time of this act of Morrow.

The difficulty with the government's position here is that, unless there was a conspiracy between Chester Gregson and D. C. Morrow in August, 1921, none then existed. The other defendants, according to the determination of the court before the case was submitted to the jury, were not in a conspiracy at all. It is not the situation of a conspiracy formed and operating, and a party joining therein and assisting in carrying out its common purpose. The act of Morrow in transferring his shares of stock in the Holcomb Bank certainly was not to effect the object of a conspiracy, when the conspiracy, if it ever existed, was not formed until nearly three months thereafter. He could not conspire with himself.

This evidence, in connection with the other evidence in the case, that D. C. Morrow had attempted to conceal his ownership of bank stock and keep it from his creditors, by placing it in the name of his mother prior to bankruptcy, was highly prejudicial. Such evidence would have been admissible in a prosecution against D. C. Morrow for concealment of assets; but this prosecution is for a conspiracy, and such evidence under the record here presented was not admissible. The error is not cured by the statement of the court, overruling the objection thereto and admitting the same "so far as it concerns D. C. Morrow," for the matter was not made clear to the jury, and Gregson could not escape the prejudice resulting from such evidence.

[11] We think the evidence as to the bank stock was erroneously permitted to remain in the record and go to the jury. In view of the narrowing of the conspiracy to D. C. Morrow and Chester Gregson, it should have been excluded by proper instruction to the jury upon the court's own motion. This error affected the substantial rights of defendant Gregson, necessitating a reversal of the case as to him, which carries a reversal as to the other defendant; this being a prosecution for conspiracy of Morrow and Gregson. Turinetti v. United States (C. C. A.) 2 F.(2d) 15.

The judgment is therefore reversed, and the case is remanded for further proceedings in harmony with this opinion.