## SILK v. UNITED STATES.

### MEEK v. SAME.

Circuit Court of Appeals. Eighth Circuit.
April 12, 1927.

### Nos. 7359, 7360.

Criminal law ⬅1186(1)—Error requiring reversal of conviction of one of two conspirators, carries reversal as to the other.

Where the conspiracy is limited to two defendants, error, requiring reversal as to one of them, carries with it a reversal as to the other.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

On petition for rehearing. Modified.

For former opinion, see 16 F.(2d) 568.

Arthur F. Mullen, of Omaha, Neb., for plaintiff in error Silk.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., Ambrose C. Epperson, Asst. U. S. Atty., and Andrew C. Scott, Asst. U. S. Atty., all of Omaha, Neb., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Silk and Meek were jointly charged by indictment containing seven counts. The first count charged them with a conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.). The second, fourth, and sixth charged them with unlawful transportation of intoxicating liquor. The third, fifth, and seventh charged them with unlawful sale of intoxicating liquor. Meek was found guilty upon counts 1, 2, 3, 4, and 6. Silk was found guilty upon counts 1, 5, and 7. In our former opinion, we directed that the judgment be affirmed as to Silk on counts 1, 5, and 7, and reversed as to Meek upon counts 1, 2, 3, 4, and 6. Silk has filed a petition for rehearing.

While the indictment charged a conspiracy between Silk, Meek, and other persons to the grand jurors unknown, a re-examination of the record convinces us that the proof supported the charge only as to Silk and Meek. It follows that we erred in affirming the judgment upon count 1 as to Silk and reversing it as to Meek, for the reason that, where the conspiracy is limited to two defendants, error requiring the reversal as to one of them carries with it a reversal as to the other. Morrow v. U. S. (C. C. A. 8) 11 F.(2d) 256, 260; Turinetti v. U. S. (C. C. A. 8) 2 F.(2d) 15.

We have examined the other contentions made in the petition for rehearing and find they are without merit.

The former opinion is therefore modified, to the extent of directing that the judgment as to Silk upon count 1 be reversed and remanded, with instructions to grant him a new trial on count 1. It is so ordered.