IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-10030

Summary Calendar

JIMMY E. ROGERS,

Plaintiff-Appellee/Cross
Appellant,

versus

ARCHER DANIELS MIDLAND COMPANY,

Defendant-Appellant/Cross
Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(5:93 CR 283 C)

( August 31, 1995 )

Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy Rogers sued his former employer, Archer Daniels Midland Company, alleging retaliatory discharge under the Texas Workers' Compensation Act, Tex. Rev. Civ. Stat. Ann. art. 8307c, now Texas Lab. Code Ann. § 451.001, and discriminatory termination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ADM

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

appeals the jury's award of damages to Rogers on his retaliatory discharge claim, and Rogers cross appeals the judgment for ADM on his ADA claim entered on the jury's verdict. We affirm.

## I.

ADM terminated Rogers, who was working for ADM as a milling supervisor, five months after Rogers had an accident and filed for workers' compensation benefits. Rogers sued ADM, alleging that ADM violated the Texas Workers' Compensation Act by discharging him for filing a workers' compensation claim, and that ADM violated the ADA by terminating him because he was disabled from his accident. The jury awarded Rogers $250,000 on his retaliatory discharge claim, including $75,000 for future mental anguish, but found for ADM on his ADA claim. The district court entered judgment accordingly. ADM appeals the jury's findings of retaliatory discharge and future mental anguish, and Rogers cross appeals its finding that ADM did not terminate him because of his disability.

## II.

ADM contends that the evidence at trial was insufficient to support either the jury's finding of retaliatory discharge or its award of damages for future mental anguish. We disagree.

We may reverse the jury's verdict for insufficiency only if the facts and inferences, considered in the light most favorable to Rogers, so strongly favor ADM that reasonable persons could not find in favor of Rogers. See Bank One, Tex., N.A. v. Taylor, 970

2

F.2d 16, 22 (5th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 2331 (1993). Thus, ADM is liable to Rogers under the Texas Workers' Compensation Act unless a reasonable jury could not find that Rogers' workers' compensation claim was a causal factor in his discharge, even if ADM had other reasons for terminating him. <u>See</u> <u>General Elec. Co. v. Kunze</u>, 747 S.W.2d 826, 830 (Tex. App.--Waco 1987, <u>writ denied</u>).

Rogers may rely on circumstantial evidence to show a causal link between his claim for workers' compensation benefits and his discharge by ADM. <u>See</u> <u>Gifford Hill Am., Inc. v. Whittington</u>, 899 S.W.2d 760, 763 (Tex. App.--Amarillo 1995, <u>n.w.h.</u>). Rogers worked at the Harvest Queen Mill in Plainview, Texas, for twenty years before it was acquired by ADM in 1984. His work continued there until the discharge complained of here--some twenty-nine years. Testimony at trial indicated that ADM knew about Rogers' claim; that Gabriel Lopez, the mill manager who dismissed Rogers, exhibited a negative attitude toward his injury; that ADM was concerned about reducing workers' compensation costs; that Lopez had departed from company procedures in his handling of Rogers' termination; and that many of Rogers' colleagues did not believe that his job performance was unsatisfactory. While ADM has offered rebuttal evidence to justify the dismissal, we note that the assessment of witness credibility and the resolution of conflicting evidence are within the jury's fact-finding province and entitled to deference from this court. <u>See</u> <u>Gibralter Sav. v. LDBrinkman Corp.</u>, 860 F.2d 1275, 1297 (5th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1091 (1989). Since many of this case's disputed facts turn on the

3

relative credibility of opposing witnesses, we cannot say that it was unreasonable for the jury to resolve the conflicting testimony in Rogers' favor and infer from circumstantial evidence that his workers' compensation claim was a causal factor in his discharge.

Neither can we conclude that the jury acted unreasonably in awarding Rogers damages for future mental anguish. Under Texas law, recovery for future mental anguish is appropriate if the jury finds a reasonable probability that the plaintiff will suffer "a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, and/or public humiliation." Wichita County v. Hart, 892 S.W.2d 912, 926 (Tex. App.--Austin 1994, writ granted).

Rogers indicated on a Social Security form that he had "significant mental or emotional problems," but indicated elsewhere on the same form that his mental or emotional problems did not "significantly affect his day-to-day living or work." Since future mental anguish "is necessarily speculative and particularly within the jury's province to resolve," Pipgras v. Hart, 832 S.W.2d 360, 366 (Tex. App.--Fort Worth 1992, writ denied), we must be careful about second-guessing the jury's resolution of this conflicting evidence. In our view, the jury could have decided that Rogers and his wife were credible witnesses, and that their testimony on his suicidal behavior, his difficulty in finding other jobs, and his feelings of humiliation established that, because of his discharge, Rogers would continue to suffer from grief, severe disappointment, indignation, wounded pride, shame, despair or public humiliation.

4

III.

ADM contends that the district court erred in refusing to submit ADM's requested jury instructions on employee termination, and in admitting into evidence an alleged hearsay document. Both claims are unavailing.

We review a district court's refusal to include a requested jury instruction under an abuse of discretion standard, finding reversible error only where: "(1) the requested instruction is substantially correct; (2) the actual charge given to the jury did not substantially cover the content of the proposed instruction; and (3) the omission of the instruction would seriously impair the defendant's ability to present his defense." United States v. Jensen, 41 F.3d 946, 953 (5th Cir. 1994), cert. denied, 115 S. Ct. 1835 (1995). In diversity actions, "we afford our district courts latitude in presenting state law as long as that presentation is substantively correct." Turlington v. Phillips Petroleum Co., 795 F.2d 434, 442 (5th Cir. 1986).

ADM suggests that the district court's jury instruction on employee termination was neither comprehensive nor balanced, and that ADM's requested instruction would have been clearer. ADM does not contend, however, that the district court's instruction was inaccurate or misleading. Without questioning the clarity of ADM's preferred instruction, we are satisfied that the district court's instruction provided a correct statement of the applicable Texas law and covered the content of ADM's requested language. Hence, we

conclude that the district court did not abuse its discretion in refusing to submit ADM's requested instruction to the jury.

We also find that the district court did not err in admitting Plaintiff's Exhibit 38, the notice of complaint from OSHA, under the hearsay exception for public records involving "matters observed pursuant to duty imposed by law." Fed. R. Evid. 803(8). The district court could have determined that the OSHA letterhead was sufficient to authenticate the letter as an agency record for purposes of this exception. See Fed. R. Evid. 901(4).

IV.

Rogers cross appeals the judgment for ADM on his ADA claim, entered on the jury's verdict, arguing that ADM discriminated against him because of his disability in requiring a 100% medical release before allowing him to return to work. We disagree; even though the jury found that Rogers was a qualified person with a disability, see 42 U.S.C. § 12111(8), Rogers himself testified that he did not believe that his disability was a factor in his discharge. The jury could have relied on the testimony of Rogers and ADM's witnesses in deciding that Rogers had not shown by a preponderance of the evidence that ADM dismissed him because of his disability. Such a finding is not inconsistent with the jury's determination that Rogers' claim for workers' compensation was a motivating factor in his discharge.

## V.

For the foregoing reasons, we AFFIRM the judgment of the district court.