## WALDECK et al. v. UNITED STATES. *

(Circuit Court of Appeals, Seventh Circuit. September 12, 1924. Rehearing Denied November 6, 1924.)

No. 3354.

**1. Conspiracy** ⧫43(4)—**Indictment not defective because failing to charge conspiracy was knowingly entered into.**

Indictment charging that defendants "unlawfully, wickedly, corruptly, and feloniously conspired" sufficiently charged conspiracy, and was not defective because of failure to charge that conspiracy was "knowingly" entered into.

**2. Conspiracy** ⧫37—**Conspiracy and completed act of transporting stolen automobiles in interstate commerce being both "felonies," doctrine of merger of offenses not applicable.**

Conspiracy and completed overt act of transporting stolen automobiles in interstate commerce, in violation of National Motor Vehicle Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), being both punishable by imprisonment for more than one year, are "felonies" under Criminal Code, § 335 (Comp. St. § 10509), and doctrine of merger of offenses does not apply.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Felony.]

**3. Conspiracy** ⧫43(5) — **Indictment for conspiracy not bad because overt acts charged constituted completed crime.**

Indictment charging conspiracy to transport stolen automobiles in interstate commerce, in violation of National Motor Vehicle Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), which did not charge defendants with completed crime, was not bad as to all defendants because certain defendants were charged with having done acts which might constitute completed crime under statute.

* Certiorari denied 45 S. Ct. 232, 69 L. Ed. ——.

**4. Criminal law ⊂⊃622'(1)—Granting or denying separate trials within court's discretion.**

Granting or denying of separate trials to defendants, charged with conspiracy, is within court's discretion.

**5. Criminal law ⊂⊃369(2)—Evidence as to other offenses admissible to show relations between defendants.**

Testimony by co-conspirators, who testified for government, relating to crimes other than offenses charged, was admissible to show relations between defendants.

**6. Criminal law ⊂⊃696(5)—Parties failing to object to evidence cannot thereafter object thereto.**

Parties not objecting to evidence given, where there is abundant opportunity for objection, may not thereafter object thereto.

**7. Criminal law ⊂⊃510 — Conviction may rest on accomplice testimony alone.**

Conviction may rest on accomplice testimony alone, if jury believes it to be true.

**8. Conspiracy ⊂⊃47—Evidence held to show conspiracy to transport stolen automobiles in interstate commerce.**

Evidence held sufficient to show conspiracy by defendants to transport stolen automobiles in interstate commerce, in violation of National Motor Vehicle Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f).

In Error to the District Court of the United States for the District. of Indiana.

Leslie Waldeck and others were convicted of conspiracy to transport in interstate commerce stolen automobiles, and of receiving, concealing, storing, selling, and disposing of such automobiles so transported, and they bring error. Affirmed.

Ronald C. Oldham, of Louisville, Ky., for plaintiffs in error.

Alexander G. Cavins, of Indianapolis, Ind., for the United States.

Before ALSCHULER, EVAN A. EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The indictment charged the 9 plaintiffs in error and 13 others with conspiracy with each other, and with certain others named and unnamed, to commit offenses against the United States of transporting in interstate commerce stolen automobiles, and of receiving, concealing, storing, selling, and disposing of such automobiles so transported, setting forth various overt acts. Four pleaded guilty, and a number of the others were dismissed. Plaintiffs in error were convicted and sentenced.

Errors assigned and urged in the briefs and arguments are: Overruling demurrer to indictment; denying separate trials to defendants; overruling motion to exclude certain testimony; overruling motion for discharge of the jury because of a certain newspaper article; overruling motion to have defendants found not guilty; and overruling motion in arrest of judgment.

[1] 1. The record does not show that a demurrer to the indictment was interposed, but it is contended that its insufficiency is properly raised by the motion in arrest. Be this as it may, there is no merit in the point mainly made against it, viz. that it fails to charge that the conspiracy was *knowingly* entered into. The charge is in the usual language that they did unlawfully, wickedly, corruptly, and feloniously conspire, etc. This is sufficient. If they did not knowingly conspire, they did not conspire at all, and a charge that they so conspired sufficiently charges knowledge.

[2, 3] In a supplementary brief filed by counsel on behalf of certain of plaintiffs in error it is additionally urged against the indictment that the charge of conspiracy is merged in the completed acts of violation of the law, as set out in some of the alleged overt acts. Berkowitz v. United States, 93 F. 452, 35 C. C. A. 379, is cited as indicating that the charge of conspiracy is a misdemeanor, and would merge into the completed offense if that constituted a felony, or, in other words, that, if the two offenses were of different grades, the misdemeanor would merge in the completed felonious act. Suffice it to say, the Berkowitz Case was decided prior to January 1, 1910, when the Criminal Code became effective, section 335 of which provides:

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

The conspiracy and the completed act, being both punishable by imprisonment in the penitentiary for more than a year, are thus of the same grade. See Heike v. United States, 192 F. 83, 100, 112 C. C. A. 615. But the defendants are all charged with conspiracy to violate the law. No specific violation is charged as the object of the conspiracy, but a general purpose to steal, etc., automobiles which were to be transported in interstate commerce. The indictment does not charge the defendants with the completed crime, but in the overt acts set forth certain of the defendants are' charged with having done acts which might constitute a completed crime under the statute. If this should render bad the indictment for conspiracy against all of the defendants, it would permit the completed act of one to absolve all. As was said by the court in a similar contention made in Steigman v. United States, 220 F. 63, 67, 135 C. C. A. 631, 635:

"The logical consequence of this argument, if upheld, is to make impossible conviction of either one or both of two persons for conspiring to violate the provision of the Bankruptcy Act against the concealment of property in every instance where the substantive crime has been consummated by one of them."

It may be said, in passing, that this case, which was cited for plaintiffs in error, seems to intimate that both the charge of conspiracy and the alleged completed act were of the same grade; i. e., misdemeanors—citing the previous decision of that court in the Berkowitz Case, but making no mention whatever of section 335 of the Criminal Code (Comp. St. § 10509).

[4] 2. The granting or denying of separate trial to defendants is within the discretion of the court, in the exercise of which no impropriety here appears.

[5, 6] 3. The testimony asked to be excluded was in regard to criminal acts by some of the conspirators other than the offenses charged. The evidence was that of co-conspirators who testified for the government, and involved in the main, if not entirely, a recital of the relations between them and certain of the defendants. It was competent within proper limits to show these relations, and the court so charged the jury, cautioning them that the defendants were not on trial for offenses other than those charged in the indictment. Besides, no objection whatever appears to have been made to any of this evidence while it was being adduced, nor until the close of all of the evidence, when motions to exclude were made. Where there is abundant opportunity for objection, parties may not silently suffer evidence to be given, and, if it chances to be unfavorable, thereafter complain of its admission.

[7] 4. It is earnestly insisted that conviction should not rest on accomplice evidence alone, and it is pointed out that both in Kentucky and in Indiana, in which states most of the alleged transactions occurred, as well as in some other jurisdictions, this is the statutory rule. But there is no such statutory rule fixed by Congress, and, as we have heretofore held, a conviction may rest upon the evidence alone of accomplice witnesses, if the jury believes it to be true. Heitler v. United States, 244 F. 140, 156 C. C. A. 568; Ossenberg v. United States (C. C. A.) 283 F. 37. It is unnecessary to discuss the contention of the government that, as to most, if not all, of the plaintiffs in error, corroboration of the accomplice witnesses does in fact appear.

5. As to the alleged newspaper article, none such appears of record, and we have no information concerning it.

[8] 6. It is contended that the evidence does not show a conspiracy on the part of the defendants or any of them to violate the National Motor Vehicle Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f). It is beyond dispute that about the time in question there was an extensive interstate movement of stolen cars in, about, and between New Albany, Ind., and Louisville, Ky One cannot read this evidence without concluding that these were not sporadic crimes wholly disconnected, or that there was no preconcert of plan and purpose in their commitment. True, it was not a plan to commit particular thefts, or to handle interstate specific stolen cars. But it is fairly to be gathered from the evidence that there was a general undertaking to steal cars and transport them to other states for disposition, and that these defendants all had a part more or less important in the development and execution of such purpose. Not all were in it at the inception nor remained to the end. As might well be expected, the evidence connecting the several defendants with the conspiracy, rather than with substantive violations of the act, varies in degree; but we are satisfied that as to each of them there was evidence which, if believed (as evidently it was), warranted the jury in concluding, as it did, that each of the defendants, directly or indirectly, participated in the criminal conspiracy at some stage of it, if not for the purpose generally of violating the act, at least with a view of profitably availing of the supposed advantage which the conspiracy afforded.

The judgments are affirmed.