GRAHAM v. UNITED STATES. LEWIS v. SAME (two cases). O'FALLON v. SAME* (two cases).

(Circuit Court of Appeals, Eighth Circuit. October 30, 1926.)

Nos. 7339, 7276–7279.

1. Searches and seizures ☞7—Defendant held not entitled to complain of search made of father's farm and shack occupied by father apart from defendant.

Defendant *held* not entitled to complain of search made of farm belonging to and under control of his father, in course of which narcotics to which defendant made no claim were found in shack occupied by his father, separate and apart from that occupied by defendant.

2. Searches and seizures ☞7.

Guaranty of Const. Amend. 4, against unreasonable search or seizure, is a personal right·

*Rehearing denied in O'Fallon v. United States, January 29, 1927.

or privilege, available only to owner or claimant of property subject to unreasonable search or seizure.

**3. Conspiracy ⬗23.**

Conspiracy is a distinct offense from crime which may be its object.

**4. Conspiracy ⬗24.**

To sustain conviction for conspiracy to violate a federal statute, a combination or understanding, tacit or otherwise, must be shown.

**5. Conspiracy ⬗47.**

Evidence *held* insufficient to sustain conviction of several defendants for conspiracy to violate Harrison Narcotic Act (Comp. St. §§ 6287g–6287q).

**6. Criminal law ⬗780(1)—Failure to instruct that confession after arrest of certain defendants charged with conspiracy was not evidence against the others held error (Harrison Narcotic Act [Comp. St. §§ 6287g–6287q]).**

In prosecution of several defendants for conspiracy to violate Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), failure to instruct that written confessions of two defendants, made after a night in jail and not in the presence of the other defendants, nor acquiesced in by them, were not evidence against such other defendants, *held* error.

**7. Criminal law ⬗407(2).**

Declarations of one defendant in the presence of another, under circumstances warranting inference that he would have contradicted them, if he did not assent to their truth, are admissible.

**8. Criminal law ⬗424(1).**

Generally arrest of co-conspirators precludes any further concerted action, and puts an end to conspiracy, as affects admissibility of acts or declarations of codefendants.

**9. Poisons ⬗9.**

Evidence *held* to sustain conviction of unlawful possession of narcotics.

**10. Criminal law ⬗511(1).**

Accomplices' testimony alone *held* sufficient to sustain conviction for unlawful possession of narcotics.

**11. Criminal law ⬗564(1).**

Proof of venue *held* insufficient to sustain conviction in Northern district of Oklahoma for purchase of narcotics in Kansas City, Mo.

In Error to the District Court of the United States for the Northern District of Oklahoma; Frank E. Kennamer, Judge.

Jimmie Graham, Seth M. Lewis, Daman Lewis, John O'Fallon, and Roy O'Fallon were convicted of conspiracy to violate the Harrison Narcotic Act, of the unlawful possession of morphine without having registered and paid special tax, and of the unlawful purchase of morphine, and they separately bring error. Convictions of all defendants on charge of conspiracy and on charge of unlawful purchase reversed, and conviction of defendant Daman Lewis on charge of unlawful possession also reversed; conviction of other defendants on such charge affirmed.

Neal E. McNeill, of Tulsa, Okl. (John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, all of Pawhuska, Okl., on the brief), for plaintiffs in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The first count of the indictment in this case charges that the plaintiffs in error, defendants below, Jimmie Graham, Seth M. Lewis, Daman Lewis, John O'Fallon, and Roy O'Fallon, together with one Jesse Merritt and Audine Merritt, unlawfully conspired and combined to violate the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), in Osage county, Okl. Three overt acts are alleged, to wit: First, the purchase of 100 ounces of morphine from unknown parties in Kansas City, Mo., and the unlawful transportation of the same into said Osage county, and its unlawful possession therein; second, the purchase in Kansas City, Mo., of 75 ounces of morphine, and its transportation into, and unlawful possession in, said Osage county; third, the unlawful possession of a considerable quantity of morphine and cocaine in said Osage county. The second count charges the same defendants individually with the unlawful possession of the aforesaid drugs without having registered and paid the special tax provided by law. The third charges the same defendants with the unlawful purchase from unknown parties of the above mentioned drugs. They were tried jointly, and convicted on all three counts. Jesse Merritt and Audine Merritt had previously pleaded guilty to another indictment. The separate appeals have been consolidated for argument and decision in this court.

Briefly, the evidence discloses that during 1923–1924, the defendant John O'Fallon was the owner of a drug store at the small town of De Noya, in Osage county, Okl., and the defendant Daman Lewis for part of the time was interested with him. The town site of De Noya had been owned and platted by the defendant Seth Lewis. He later erected and operated the "Lewis Hotel," where he resided. The defendant Daman Lewis had been acquainted with both the O'Fallons in Montana,

from whence all came to Oklahoma. Roy O'Fallon for some time was employed in the drug store. The witnesses Audine and Jesse Merritt, together with the witness Myrtle Neal, confirmed addicts, made their headquarters at the Lewis Hotel. Government agents, in the course of an investigation, made purchases of morphine and cocaine from them, which they testified had been procured from some of the defendants. The defendant Graham lived and worked at his father's dairy, located a short distance out of the town. The government says he kept the drugs there, bringing them into town in small quantities from time to time as needed, when delivering milk. We will discuss seriatim the questions necessary to a decision.

In No. 7339, Jimmie Graham plaintiff in error, the only point seriously pressed, as stated by counsel, is the validity of a search warrant. In the course of the investigation, the government officers obtained a warrant from a justice of the peace, and searched the Graham ranch. A quantity of morphine and cocaine was found, and young Graham arrested. Thereafter a motion was filed to quash the indictment, and exclude the testimony of these officers, on the ground that the warrant was void. The motion was separately heard, testimony taken, and the motion denied.

[1, 2] If Graham was in a position to urge the objections made to this search warrant, we might be compelled to sustain them. They cannot, however, be availed of by this defendant. The buildings searched belonged to, and were under the control of, his father. The narcotics seized were not in young Graham's possession, and at no time has he made any claim thereto. They were hidden in a shack occupied by the father, separate and apart from that occupied by the son. The guaranty of the Fourth Amendment to the Constitution against unreasonable search and seizure is a personal right or privilege, that can only be availed of by the owner or claimant of the property subjected to unreasonable search and seizure. See Rosenberg v. U. S. (C. C. A. 8th Cir.) 15 F.(2d) 179; Goldberg Case (C. C. A.) 297 F. 98; Chicco v. U. S. (C. C. A.) 284 F. 434.

[3, 4] At the end of the trial the question of the sufficiency of the evidence on the conspiracy count was properly raised. The proof discloses a series of isolated transactions, and is circumstantial as to all the defendants tried. Conspiracy is a distinct offense from the crime which may be the object of the conspiracy. U. S. v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211. There must be shown to be a combination or understanding, tacit or otherwise, to violate a federal statute. U. S. v. Kissel, 218 U. S. 601, 607, 608, 31 S. Ct. 124, 54 L. Ed. 1168. There is some proof here that one or more of the defendants were guilty of what might be termed overt acts, but none that any two or more of them conspired or combined to commit these isolated acts, or that they were committed in furtherance of any criminal scheme.

[5] The government, to support this count, admittedly relied in a great measure upon the written confessions of the defendants Jimmie Graham and Roy O'Fallon, made at the time of their arrest. Eliminating these, for the reasons hereafter stated, the conspiracy count fails for lack of proof.

[6] The confessions referred to were made by Jimmie Graham and Roy O'Fallon on the day following their arrest, after they had been in jail all night, and not in the presence of the other defendants. So they cannot be said to have acquiesced therein. The court did not at any stage of the proceedings instruct the jury that they constituted evidence only against the defendants making them. In this we think it erred. In Morrow v. U. S., 11 F.(2d) 259, this court said:

"It is also true, as claimed by the government that the act of one conspirator in the prosecution of the enterprise and carrying out the purpose thereof is evidence against all of the conspirators and is considered the act of all, and is admissible against the other conspirators; yet such act must be, as the Supreme Court says in Brown v. United States, 150 U. S. 93, 98, 14 S. Ct. 37, 39 (37 L. Ed. 1010), 'done and made while the conspiracy is pending, and in furtherance of its object.' Admissions or acts of a conspirator after the conspiracy has terminated are not admissible against a former conspirator, nor are acts of a person committed prior to the formation of a conspiracy admissible against his subsequent co-conspirator. The rule as to declarations or acts of one conspirator is that they are admissible as against a co-conspirator, if occurring during the pendency of the conspiracy and in furtherance of its object."

In Wiborg v. U. S., 163 U. S. 632, 657, 16 S. Ct. 1127, 1137 (41 L. Ed. 289), the Supreme Court said: "The declarations must be made in furtherance of the common object, or must constitute a part of the res gestæ of acts done in such furtherance."

Justice Harlan, in Sparf v. U. S., 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343, in discussing this question, says that where it is charged that the criminal act was the result of a conspiracy, or the joint act of two or more defendants, the rule is well settled that "aft-

er the conspiracy has come to an end, and whether by success or by failure, the admissions of one conspirator by way of narrative of past facts are not admissible in evidence against the others."

[7] But where the declarations of one of the defendants were made in the presence of the other, and under such circumstances as would warrant the inference that he would naturally have contradicted them if he did not assent to their truth, then they are admissible. See, also, Wharton's Criminal Evidence, vol. 2 (13th Ed.) § 698; Greenleaf on Evidence (14th Ed.) §§ 111, 233; 3 Encyclopedia of Evidence, 429; State v. Ross, 29 Mo. 32; People v. Stanley, 47 Cal. 113, 17 Am. Rep. 401; Samples v. People, 121 Ill. 547, 13 N. E. 536; State v. McGee, 81 Iowa, 17, 46 N. W. 764; State v. Stair, 87 Mo. 268.

[8] As a general rule the arrest of co-conspirators may be said to effectively preclude any further concerted action, and ordinarily puts an end to the conspiracy. Hauger v. U. S., 173 F. 54, 97 C. C. A. 372; Sorenson v. U. S., 168 F. 785, 94 C. C. A. 181.

### Second Count.

[9] The evidence on this count varies as to the different defendants, but is sufficient to make an issue for the jury, except as to Daman Lewis, and it tends to show that the other defendants had a joint or common interest in the secreted drugs. Jimmie Graham is clearly guilty on his own confession, corroborated as it is in its essential details by other witnesses.

Seth Lewis seems to have been the head of the gang, was proprietor of the hotel, and, according to Audine Merritt, supplied her with drugs, which she sold, accounting to him for the proceeds. She says he made arrangements by which she obtained narcotics. Myrtle Neal also testified that she rode with Lewis in an automobile, and that in the course of a conversation he told her where she could get "stuff" whenever she wanted to buy any.

Roy O'Fallon, in his confession, attempts to incriminate the other defendants rather than himself. It, however, shows guilty knowledge on his part, and there is testimony that he supplied both Myrtle Neal and Audine Merritt with drugs. One of them says she paid him over $300 out of her profits.

[10] The conviction of John O'Fallon should stand, if we follow Waldeck v. U. S. (C. C. A.) 2 F.(2d) 243, and Webb v. U. S., 8 F.(2d) 145 (C. C. A. 8th Cir.), sustaining convictions on the evidence of accomplices alone. In addition, he was part owner of the drug store where, according to the addicts, they bought their supply. One of them testified that on several occasions she obtained drugs from him under an arrangement by which she was to use what she wanted and sell the balance. This she did, and gave him $300 out of the proceeds.

The conviction of Daman Lewis on this count should be reversed, being wholly unsupported by any evidence.

### Third Count.

[11] The weight and sufficiency of the evidence on the third count likewise varies in each case. We are not, however, required to pass upon it, as the record is wholly lacking in any proof of venue. It seems to be the claim of the government that the narcotics were purchased at Kansas City, Mo., if anywhere. It is conceded that there is no evidence of actual purchases by the defendants within the jurisdiction of the trial court. The convictions on this count must therefore be reversed, on the authority of Brightman v. U. S. (C. C. A.) 7 F.(2d) 532, and Cain v. U. S. (C. C. A.) 12 F.(2d) 580.

To sum up: We are of the opinion that the convictions on the first and third counts should be reversed as to all the defendants; that the convictions on the second (or possession) count should be sustained as to all the defendants except Daman Lewis. As to him it should be reversed.

And it is so ordered.

STONE, Circuit Judge. I concur in the above opinion and result. Concurrence in the opinion and result as to the third count of the indictment is based on the particular facts of this case, in which the government claimed the actual purchase to be outside the district where the indictment was had.