COON v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
November 2, 1929.

No. 68.

J. C. Helms, of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Herbert K. Hyde, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS.

PHILLIPS, Circuit Judge. By an information containing three counts, Harry Coon, the appellant, was charged with violations of the National Prohibition Act (27 USCA). The first count charged unlawful possession of intoxicating liquor. The second count charged unlawful possession of mash and a distilling apparatus designed and intended to be used in the unlawful manufacture of intoxicating liquor. The third

count charged unlawful manufacture of intoxicating liquor, to wit, whisky. This is an appeal from judgments of conviction upon each of the three counts of the information.

The only error assigned is the overruling of appellant's motion to suppress certain evidence.

At the hearing upon this motion, the appellant testified, in part, as follows: That on or about December 1, 1927, appellant leased a frame building, about fifteen by eighteen feet, situate on the Oldham homestead in Blaine County, Oklahoma, for the purpose of manufacturing whisky and for a home; that he placed eight barrels of mash and a whisky still in this building; that he was engaged in making whisky at this building for a period of about two weeks; that during such period he also occupied the building as a home; that the building was furnished with a cot, a monkey stove, two chairs, a table and cooking utensils.

J. B. Dowell, a prohibition enforcement officer employed in the Indian service, testified at the hearing upon this motion, in part, as follows: That on or about December 15, 1927, in company with certain state officers, he went to the Oldham homestead for the purpose of investigating violations of the National Prohibition Law; that, after investigating the filling station and the home of Mrs. Oldham, as he approached the building leased by appellant he noticed fumes or steam rising therefrom and could smell the odor of whisky and the odor of mash; that he went to such building and knocked on the door and received no response; that he unfastened and opened the door and saw appellant standing in the building; that in the building he found sixteen barrels, ten of which were filled with mash and six of which were partly filled with mash, one whisky still, a pressure tank and gas burner with an automobile pump attached, and two eight gallon jars of whisky; and that the burner and still were in operation.

Dowell arrested appellant and took possession of the distilling apparatus, mash and other materials.

The court held that the building was rented and used as a business establishment for the purpose of manufacturing whisky; that it was not a home, and that a search warrant was not necessary to authorize a search of the premises. It is our opinion that the facts warranted this conclusion. It is clear that the primary purpose, for which appellant leased the building, was to manufacture whisky. His temporary occupancy of the building was a mere incident thereto. We do not hold that, merely because one manufactures intoxicating liquor in his home, such place may be searched without a warrant, but we do hold that the building searched cannot be regarded as appellant's home, under the facts and circumstances presented in the instant case.

Counsel for appellant contends that the entry and search of the building leased by appellant was unlawful because the entry on the homestead and the search of the filling station and the home of Mrs. Oldham were unlawful.

Immunity from unreasonable search, guaranteed by the Fourth Amendment, is a personal right. The legality of the search of premises can be raised only by the owner, lessee or lawful occupant of the premises searched; that is, by the person whose rights have been invaded. The inhibition against the introduction of evidence secured by unlawful search is for the benefit of the person whose rights have been invaded and not one who has suffered no wrong. The entry on to the homestead and the search of the filling station and the home of Mrs. Oldham violated no constitutional right of the appellant, because the privacy of his home was not thereby invaded and disturbed. He could not claim for himself the benefit of immunity from unreasonable search, guaranteed by the Fourth Amendment, when its violation, if any, was with reference to the rights of another. Graham v. United States (C. C. A. 8) 15 F.(2d) 741, 742; Guckenheimer & Bros. v. United States (C. C. A. 3) 3 F.(2d) 786, 789; Remus v. United States (C. C. A. 6) 291 F. 501, 511; Rouda v. United States (C. C. A. 2) 10 F.(2d) 916, 918.

Hence, if we assume that the entry on to the homestead and the search of the filling station and the home of Mrs. Oldham by the officers were illegal, such officers thereby invaded no right of the appellant, as his ownership of the premises was limited to the small building where the distilling apparatus was located and which appellant had leased from Mrs. Oldham.

It follows that the acts of the officers, which preceded the discovery of the offense being committed by appellant, in no wise affected the legality of the arrest of appellant and the search of appellant's premises and the seizure of his property.

The judgment is affirmed.