McSHANN v. UNITED STATES.
No. 122.

Circuit Court of Appeals, Tenth Circuit.
Feb. 8, 1930.

H. T. Walker, of Muskogee, Okl., for appellant.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

The defendant was convicted of possessing a still designed and intended for the manufacture of liquor.

Error is assigned because of the refusal of the trial court to continue the cause in order that the defendant might procure the attendance of a material witness. The defendant was arrested on May 1, 1928, and tried December 3, 1928. The affidavit for continuance was filed the day of the trial. It sets out that the witness resides in Kansas City, Kan., and that defendant was without financial means to procure his attendance, and that such witness would testify that he was responsible for the still, and that defendant was not implicated. The brief of appellant advises us that an ineffective effort to subpœna this witness was made on November 21. There is no showing that the

witness would have been present, or that his attendance could be procured, if the continuance had been granted. Questions as to continuances are within the sound discretion of the trial court. Woods v. United States (8 C. C. A.) 26 F.(2d) 63; Gray v. United States (8 C. C. A.) 14 F.(2d) 366; Brady v. United States (9 C. C. A.) 26 F.(2d) 400. There was no abuse of that discretion.

 Errors assigned as to proceedings at the trial, including refusal to permit the defendant's wife to testify, and the use of evidence taken without a search warrant, are not before us, for lack of a bill of exceptions stating the testimony of the witnesses in narrative form. Tingley v. United States (10 C. C. A.) 34 F.(2d) 1; Caldwell v. United States (10 C. C. A.) 36 F.(2d) 738, decided October 16, 1929; Davis v. United States (10 C. C. A.) 38 F.(2d) 631, decided February 5, 1930. Moreover, one cannot complain of an unlawful search of another man's house. Coon v. United States (10 C. C. A.) 36 F.(2d) 164; Morris v. United States (8 C. C. A.) 26 F.(2d) 444; Rosenberg v. United States (8 C. C. A.) 15 F.(2d) 179; Graham v. United States (8 C. C. A.) 15 F.(2d) 740.

By inadvertence, a sentence was imposed on the second count of the information. The defendant was not named in the second count, and the sentence imposed on that count should be set aside.

The judgment on the first count is affirmed; on the second count reversed.