## MANGIARACINA v. UNITED STATES.
### No. 8795.

Circuit Court of Appeals, Eighth Circuit.
April 25, 1930.

William G. Lynch, of Kansas City, Mo., for appellant.

William L. Vandeventer, U. S. Atty., of Kansas City, Mo. (S. M. Carmean, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

Appellant and two other persons were, by an indictment containing five counts, charged with having on the 18th day of May, 1929, at Kansas City, Mo., violated certain internal revenue statutes of the United States. Upon a trial appellant was convicted on each count and the other defendants were acquitted on each count. Appellant was sentenced to imprisonment in the United States Industrial Reformatory at Chillicothe, Ohio, for a period of two years on each of counts 1, 2, 3, and 4, said sentences to run concurrently, and was fined the sum of $500 upon each of the above-named counts, and the sum of $100 on count 5 of the indictment. The case is brought here on appeal.

Counsel for the government conceded at the argument that the evidence failed to support the verdict of guilty on the fifth count of the indictment. The record justifies this position and a consideration of this count is thereby rendered unnecessary.

### The Indictment.

The first count of the indictment is based upon 26 USCA § 281, and in substance charges that defendants had in their possession and under their control a still of 200-gallon capacity set up which they had not registered as required by law.

The second count of the indictment is based upon 26 USCA § 306, and in substance charges that defendants engaged in and carried on the business of a distiller without giving the bond required by law.

The third count of the indictment is based upon 26 USCA § 306, and in substance charges that defendants engaged in and carried on the business of a distiller and operated a distillery with the intent to defraud the United States of the tax on spirits distilled by them.

The fourth count of the indictment is based upon 26 USCA § 307, and in substance charges that defendants made, possessed, and fermented 1,800 gallons, more or less, of mash fit for distillation and for the production of alcoholic spirits on premises other than a distillery duly authorized according to law.

### The Statutes.

26 USCA § 281, defines the offense charged in the first count and it reads in part as follows: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same. * * *"

26 USCA § 284, which in connection with section 306, the basis of the second count, provides in part that: "Every person intending to commence or to continue the business of a distiller shall  *  *  *  execute a bond in the form prescribed.  *  *  * "

A "distiller" is defined, 26 USCA § 241, as follows: "Every person who produces distilled spirits, or who brews or makes mash, wort, or wash, fit for distillation or for the production of spirits, or who, by any process of evaporization, separates alcoholic spirits from any fermented substance, or who, making or keeping mash, wort, or wash, has also in his possession or use a still, shall be regarded as a distiller."

26 USCA § 306, which is in part the basis of the second count and wholly the basis of the third count, provides that: "Any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him  *  *  * " shall be guilty of an offense. In connection with this statute, section 249 of the same title should be read, and it provides, in part: "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom.  *  *  * "

26 USCA § 307, defines the offense charged in the fourth count of the indictment as follows: "No mash, wort, or wash, fit for distillation or for the production of spirits or alcohol, shall be made or fermented in any building or on any premises other than a distillery duly authorized according to law," and, "no person, other than an authorized distiller, shall, by distillation, or by any other process, separate the alcoholic spirits from any fermented mash, wort, or wash.  *  *  * "

### The Facts.

The first point urged by the appellant is that the evidence was insufficient to sustain a verdict of guilty and that the court should have directed a verdict for the defendant.

The house where the alleged violations were said to have been committed was located at 2415 East Thirteenth street. On the night of May 18, 1929, prohibition agents were making an investigation in the vicinity. They drove through an alley in the rear of the building. A man got out of the car, went to the rear of the building, unlocked a door, and entered, where he stayed a few minutes and then returned to his car and drove away from the premises. This man was identified as the appellant. The agents then temporarily left the vicinity and consulted a superior officer, who accompanied them back to the place where the still was located. The agents secreted themselves near both the front and rear doors. The noise of the operating still was heard at that time. Presently an automobile drove to the premises through the alley and entered a garage in the rear of the building. A man left the garage, approached the house, unlocked the rear door, and entered. Immediately thereafter appellant and a third person left the garage, each carrying a sack of sugar on his shoulder, and entered the same rear door of the building. The agents presently followed these men into the building, whereupon appellant and one of the other men tried to escape but were stopped by one of the agents. The other party concealed himself in the building and was found hiding behind a door. The first floor of the building was vacant. The three men were taken to the second floor which consisted of three rooms and a bath. There was nothing in the front room on this floor except a bed and a trunk, while in the second room a 200-gallon still was set up in operation with whisky dripping into a receptacle under the same. There was about 40 gallons of whisky in the room. In the next room there were 36 barrels of mash and on these barrels were 2 sacks of corn sugar. This was the only sugar found in the premises. A search of the automobile in the garage was made, and it was found to contain 12 sacks of sugar, 25 pounds of yeast, and a number of 5-gallon glass jugs.

One of the agents testified that in response to an inquiry the appellant stated that he had been operating the still for about two weeks. The appellant denied having made that statement. He testified to the effect that he had no interest whatsoever in the still, and did not know it was there until after the arrest; that he was working for a man of the name of Frank Daviso, and had hauled sugar and yeast to the premises on the 15th, the 16th, and the 17th of May; that his first visit to the house on the night he was apprehended was to ascertain how much sugar was needed; that he obtained the sugar, as well as the yeast and glass jugs, at the place where the sugar was purchased, and as he drove to the house he requested two friends to go along to help him unload the sugar; that in making this trip he used his employer's Cadillac car; that he knew noth-

ing about the use to which the sugar, yeast, and containers were to be put; he could give no information as to the whereabouts of his employer.

These facts show that appellant had control of the premises because he was in possession of the key to the house; that he had been for four days bringing sugar, yeast, and liquor containers to the premises; that he brought these articles to the premises in the nighttime, approached the building from an alley instead of from the street in front; that he was so familiar with the premises that on the night of the arrest he carried a sack of sugar into the unlighted building up to the second floor, passed through the room where the still was in operation, and placed the sack on one of the barrels containing mash; that he was not only engaged in doing these essential acts to operate the still, but that he secured the services of his codefendants to co-operate with him on the night of the arrest; that upon being apprehended he sought to escape from the officers and then refrained from making any inquiries as to why or for what reason he was being placed in custody. No trustworthy account was forthcoming of the mysterious employer Daviso. Who he was, where he resided, what connection he had with the premises in question, are matters concerning which appellant left the jury in the dark. His testimony on this point is thoroughly unbelievable.

This case is clearly distinguishable from the cases of Patrilo et al. v. United States (C. C. A.) 7 F.(2d) 804, Grantello v. United States (C. C. A.) 3 F.(2d) 117, and Partson v. United States (C. C. A.) 20 F.(2d) 127, relied upon by appellant. In all of those cases possession of the contraband articles was actually shown to have been in another party. But here the purport of the evidence was that the appellant was in custody and control of still and mash, and he sought to absolve himself by a flimsy story of employment by the mythical Daviso. There is no substantial evidence that any person other than appellant had, or ever had, custody of the premises with which we are here concerned.

But it is said that there was no evidence that the mash found was fit for distillation. The evidence was that some of the mash was being used in the still at the time of the arrest, and that alcoholic spirits were actually being taken from the same and corn whisky thereby produced, a portion of which was offered in evidence. This would seem to be conclusive proof that the mash was fit for distillation.

The point is stressed that there was no proof of a lack of compliance with all requirements of the law with reference to the registration of the still, and the giving of the bond. The appellant claimed to have no knowledge of the existence of the still on these premises, and he disclaimed any interest in or connection with its operation. This evidence cannot be regarded otherwise than as an admission on his part that he had not complied with any requirement imposed by the law upon the operators of plants engaged in the distillation of alcohol. The testimony of the appellant, together with the circumstances showing the place where the still was located, the manner of its operation, the conduct of the parties shown to have had some connection with the same, constitutes ample evidence that the operator had not lawfully registered the still, given the required bond, and that the purpose was, among other things, to defraud the government of any tax imposed for the production and withdrawal of alcoholic spirits. In McCurry v. United States (C. C. A.) 281 F. 532, 534, it was stated: "A circumstance of great significance against the registration of the still and filing of a bond by the appellants was the fact that they made no claim of ownership, interest in, or knowledge of the still. This was in accordance with their plea of not guilty, and was a practical admission that they had not registered the still, nor given bond therefor." The circumstances here are sufficient to show that the still was not registered, and it is "mere sophistry to suggest" the contrary. Seiden v. United States (C. C. A.) 16 F.(2d) 197. Of course, the contrary is not here asserted. The case was tried on the theory, not that lawful requirements had been observed, but that there was no duty upon appellant to register the still as he was a mere employee.

A review of the facts in this case can leave no doubt that the court properly submitted the matter to the jury. The evidence fully warranted the jury in finding that appellant had an illicit still in his possession and under his control; that he was engaged in the business of a distiller as that term is defined in the law, without having given bond; that in the operation of this business it was his purpose to defraud the government of the tax imposed for the production and withdrawal of spirits; and that he made, possessed, and fermented mash fit for distillation without lawful authority so to do. Barton v. United States (C. C. A.) 267 F.

174; Guignard v. United States (C. C. A.) 258 F. 607; Martin v. United States (C. C.) 269 F. 256; Weeke v. United States (C. C. A.) 14 F.(2d) 398.

### The Charge.

The appellant contends that the court erred in refusing to give to the jury certain instructions tendered. The instructions submitted to the court are to the effect that before appellant could be convicted, the government must prove: First, that he had possession or control of the still; second, that he engaged in carrying on the business of a distiller; third, that he engaged in and carried on the business of a distiller with intent to defraud the United States of the tax; fourth, that he made, possessed, or fermented mash fit for distillation; and that the mere presence, as an employee, at the place where a still was located, was not sufficient to authorize a conviction.

The charge of the court required the jury to find that the accused "had in his possession and under his control a distilling apparatus"; that mere "knowledge of the existence of a still or the fact of the operating of a still, of course, by itself, is not sufficient to convict"; that "if one is a mere employee of another who exclusively has control and possession of a still, then that person who is a mere employee is not guilty." The court carefully charged the jury as to the elements of the offenses charged in the several counts, and thoroughly covered the matter suggested in the tendered instructions. There is, of course, no requirement that the court must adopt the identical language of the instructions submitted.

It is also asserted that the court erred in refusing to instruct the jury that where the government relies on circumstantial evidence alone for conviction, the circumstances must be consistent with each other, with the accused's guilt, and inconsistent with any reasonable theory of his innocence. There was in this case direct and positive evidence of appellant's guilt of the crime with which he was charged. The government did not, therefore, rely solely upon circumstantial evidence. Merely because certain facts are shown in a case which may give rise to an inference of guilt have never been conceived to render necessary the giving of the instruction that was here requested. If such were the case, resort would be had to this instruction in practically every criminal case. Portman v. United States (C. C. A.) 34 F.(2d)

406; Carnahan v. United States (C. C. A.) 35 F.(2d) 96.

The sentence entered on the fifth count is reversed and remanded for further proceedings; and the sentence entered on the first, second, third, and fourth counts is affirmed.