**CHEPO v. UNITED STATES.**
No. 4377.

Circuit Court of Appeals, Third Circuit.
Dec. 18, 1930.

Geo. E. Cutley, of Jersey City, N. J., for appellant.

Phillip Forman, U. S Atty., of Trenton, N. J., and John Grimshaw, Jr., Asst. U. S. Atty., of Paterson, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Two prohibition agents, walking in the rear of the premises in question, detected an odor of mash. Going to the front of the building they knocked upon the door and, on being admitted, entered without a search warrant. In a room upstairs they found Chepo, the appellant, lying on a bed engaged in consuming a bottle of white liquor. Going downstairs they saw on the first floor a room that had none of the marks of residential occupancy but all the signs of a speakeasy and liquor storeroom. There they found quantities of liquor. Back of the house was a shed in which the agents found a small quantity of liquor of high alcoholic content, a substantial quantity of mash and a home-made still in operation.

Chepo was indicted with two others. Before trial he made the usual preliminary motion to suppress and exclude from evidence the things so discovered and seized on the ground that the house (owned by him) had been entered and the seizures on the first floor (leased to another) had been made without a search warrant. The court's refusal is assigned as error.

■ The question might be pertinent and certainly would require consideration were it not that Chepo disclaimed any interest in the downstairs premises searched and any interest in or knowledge of the goods there seized. His room upstairs was not searched

and in it nothing was seized. By that disclaimer he himself showed that no constitutional right of his had been invaded and, therefore, that he is not in a position to attack the search and seizure. Rouda v. United States (C. C. A.) 10 F.(2d) 916; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179; Armstrong v. United States (C. C. A.) 16 F.(2d) 62; Id., 273 U. S. 766, 47 S. Ct. 571, 71 L. Ed. 881; Coon v. United States (C. C. A.) 36 F.(2d) 164, 165.

■ At the trial Chepo was confronted by seven counts of the indictment charging crimes briefly stated as follows:

(1) Operating a still without registering the same; (2) carrying on the business of a distiller with intent to defraud the United States of the tax; (3) without giving bond; (4) in a building not authorized by law; (5) without displaying a sign bearing the words "Registered Distillery"; and, finally, (6) unlawfully manufacturing and (7) unlawfully possessing intoxicating liquor of a prohibited alcoholic content.

At the close of the trial Chepo moved not for a directed verdict but that all seven counts be "dismissed." Regarding this motion as mistakenly named and construing it as a motion for a directed verdict, refusal of which, on exceptions, is assigned as error, it will be enough to say that, even if the court were wrong in refusing to direct a verdict of acquittal on the first, second, third and fourth counts for want of evidence, that will not help the appellant because there was enough evidence of the operation of the distillery without a displayed sign under the fifth count and ample evidence of manufacture and possession of liquor under the sixth and seventh counts to submit the case and, later, to sustain the verdict.

Therefore under authority of King v. United States (C. C. A.) 25 F.(2d) 242, 245; Lewis v. United States (C. C. A.) 22 F.(2d) 760, 765; Mansbach v. United States (C. C. A.) 11 F.(2d) 221, 224, 225, the sentence in this case which, following a verdict of guilty on all counts, was for a prison term on each count "to run concurrently" with the others, must be sustained if (as is the fact) the evidence under one or more of the counts is sufficient to support the verdict on those counts.

■ The remaining assignments that the court did not charge in accordance with the law and that its charge was a practical direction of a verdict of guilty are not, in the absence of exceptions, open to review.

The judgment is affirmed.