## BROWN v. UNITED STATES.

### No. 9530.

Circuit Court of Appeals, Eighth Circuit.

Oct. 7, 1932.

William N. Jamieson, of Omaha, Neb., for appellant.

Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Edson Smith, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

The appellant, who will hereinafter be referred to as the defendant, appeals from a judgment and sentence of six months in the county jail and a fine of $500. The indictment charged him with seven separate offenses: (1) Unlawfully making 1,000 gallons of mash fit for the production of alcoholic spirits; (2) unlawfully fermenting mash fit for the production of alcoholic spirits; (3) unlawfully separating 120 gallons of alcoholic spirits from a fermented mash; (4) unlawfully carrying on the business of a distiller, with intent to defraud the United States of America of the tax on the 120 gallons of spirits by him distilled; (5) unlawfully using a still of approximately 100 gallons capacity for the purpose of distilling alcoholic spirits from a fermented mash; (6) unlawfully having in his possession certain intoxicating liquor; (7) unlawfully having in his possession property designed for the manufacture of intoxicating liquor. All of these offenses were alleged to have been

committed on or about July 8, 1930, in a residence in Sarpy county, Neb.

The defendant entered a plea of not guilty, was tried, and the jury returned a verdict of guilty upon all counts. It was upon this verdict that the judgment and sentence appealed from was pronounced.

The defendant made a motion to suppress the evidence obtained by the government officers as a result of the search of the premises in question, and to require the return of the property seized upon the search, which consisted of one still, one boiler, one coil, one pressure tank, twenty 50-gallon barrels of mash, and 120 gallons of whisky. It was claimed that there was a misdescription of the premises in the affidavits for the search warrant and in the search warrant itself. It is unnecessary to determine whether the search was or was not valid. Nowhere in the motion to suppress is it stated that the defendant either owned or occupied the premises searched or owned the property seized. There could be no violation of his constitutional rights, unless he had some proprietary interest in the property seized and the premises searched. Goldberg v. United States (C. C. A.) 297 F. 98; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179; Chicco v. United States (C. C. A.) 284 F. 434; Graham v. United States (C. C. A.) 15 F.(2d) 740; Belcher v. United States (C. C. A.) 50 F.(2d) 573.

If the defendant was properly convicted under any of the counts of this indictment, except the possession counts, which are Nos. 6 and 7, there can be no reversal. Belcher v. United States (C. C. A. 8), supra.

The defendant contended in the court below that the mixture seized by the agents and referred to by them as "mash," and also by the government chemist referred to as "mash," did not in fact constitute "mash," as that term is properly defined. The court charged the jury that "any mixture of suitable ingredients which through the process of fermentation will develop alcohol and which is designed and intended for and is fit for the production of alcoholic spirits by distillation," was mash within the meaning of the statute. While we have little doubt of the correctness of the court's instruction in that regard, see Sawyear et al. v. U. S. (C. C. A.) 27 F.(2d) 569 and Mangiaracina v. U. S.

(C. C. A.) 40 F.(2d) 164, we think it is not necessary to discuss that question. There was positive testimony of the finding of a distillery upon the premises in question, which the defendant occupied, and testimony that he admitted the ownership of the still. The still was set up, was warm, and moonshine whisky was dripping from the coil at the time of the search, if the testimony of the officers is to be believed. There was other circumstantial evidence pointing to the operation of the distillery in these premises. A dismantled still was produced in court, and government witnesses testified that it was the still taken from the premises in question at the time of the raid.

There was abundant evidence to justify the jury in concluding that the defendant engaged in carrying on the business of a distiller of alcoholic spirits, as charged in the fourth count of the indictment, and that he unlawfully used a still for the purpose of distilling alcoholic spirits, as charged in the fifth count of the indictment. The defendant complains, with reference to this count, that the court unduly limited the cross-examination of the government's witnesses, because it sustained objections to their making a demonstration in the courtroom to determine whether or not the coil of the still produced could be fitted to the boiler. We see no merit to that contention. The distillery was offered in evidence, was there for the inspection of the jury, and it was for them to determine whether it was what the government claimed it to be. They needed no expert assistance in determining whether the parts could be connected.

It is also contended that the court erred in permitting one of the prohibition agents who testified for the government to say, "We found a whisky still there of about a hundred gallon capacity, and one hundred and twenty gallons of whisky and a thousand gallons of mash." It was shown that this officer was an experienced prohibition officer, and we think there is no merit in this contention. It requires very little expert knowledge to be able to recognize a still or moonshine whisky, or what is ordinarily considered whisky mash.

So far as the fourth and fifth counts of the indictment are concerned, we find no reversible error, and that is as far as it is necessary to go under the circumstances.

The judgment must be, and is, affirmed.