## WILLIAMS v. UNITED STATES.
### No. 817.

Circuit Court of Appeals, Tenth Circuit.
July 31, 1933.

Rehearing Denied Sept. 1, 1933.

S. P. Freeling, of Oklahoma City, Okl. (Freeling & Box, of Oklahoma City, Okl., on the brief), for appellant.

W. F. Rampendahl, U. S. Atty., of Muskogee, Okl.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

Oscar and Fred Williams were tried on an indictment containing five counts, charging violations of the National Prohibition Law (27 USCA) and the Hastings Amendment (25 USCA § 244), and were found guilty on the first four counts. Oscar Williams was sentenced to two years in the penitentiary on each count, sentences to run concurrently, and fined $100 on the first, second, and third counts. He has appealed.

The facts material to the questions here presented are these: Three prohibition agents first went to a filling station not far from the Williams filling station for the purpose of making a search for intoxicating liquor. Two of the agents then drove over to the Williams station. When they were within about 10 feet of the station, Oscar Williams picked up a one-half gallon jar and ran out the back door. One of the agents followed and saw him break the jar by throwing it to the ground. He next pulled a pint bottle out of his pocket and broke it. The agents identified the contents of the jar and bottle as whisky by the smell. At the same time Fred Williams ran out, jumped into a Chevrolet coupé, which was at the filling station, and started to drive it away. The other agent stopped him after he had driven about 30 feet. The car was searched and 12 gallons of whisky, an automatic pistol, some 30-30 ammunition, and a pair of "knucks" were found therein.

■■ A motion to suppress evidence, upon the ground that the search and seizure were unlawful, was properly overruled. With respect to the one-half gallon and one pint of whisky, the undisputed evidence shows that Oscar Williams ran out of the filling station and broke the containers in the presence of the officers. No search was in fact made. Oscar Williams, by his own actions, produced the evidence which led to his arrest. As to the whisky found in the automobile, Oscar Williams disclaimed any interest in the automobile, and no constitutional right of his could have been violated by the search of a vehicle neither owned nor possessed by him. Coon v. United States (C. C. A. 10) 36 F. (2d) 164; McShann v. United States (C. C. A. 10) 38 F.(2d) 635; Graham v. United States (C. C. A. 8) 15 F.(2d) 740; Chepo v. United States (C. C. A. 3) 46 F.(2d) 70.

It is urged that no substantial evidence was introduced which justified a submission of the case to the jury.

■■ It does not appear in the record that a motion was made to direct the jury to return a verdict of not guilty. Alleged errors during the progress of the trial should be called to the trial court's attention by specific objection and exception in order that it may have the opportunity to correct the error. In the absence of such specific objection and exception, alleged trial errors ordinarily will not be reviewed on appeal. Addis v. United States (C. C. A. 10) 62 F.(2d) 329. But under a well recognized exception to this general rule, the appellate courts of the United States, in criminal cases involving the life or liberty of the accused, may notice and correct serious errors in the trial of the accused, fatal to his rights, although those errors were not challenged or reserved by objections, motions, exceptions, or assignments of error. Addis v. United States, supra; Reynolds v. United States (C. C. A. 10) 48 F.(2d) 762; Bogileno v. United States (C. C. A. 10) 38 F.(2d) 584; Van Gorder v. United States (C. C. A. 8) 21 F.(2d) 939; Lamento v. United States (C. C. A. 8) 4 F.(2d) 901; Ayers v. United States (C. C. A. 8) 58 F.(2d) 607; Wiborg v. United States, 163 U. S. 632, 16 S. Ct. 1197, 41 L. Ed. 289; Crawford v. United States, 212 U. S. 183, 29 S. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392.

■■ Count 4 charged the transportation of 12 gallons of whisky from an unknown point to the Williams filling station. There is no evidence in the record of any transportation, except when Fred Williams drove the car from the filling station for a distance of 30 feet. This does not support the allegation of transportation since the car might have been loaded at the filling station. The submission of this count to the jury was a plain and serious error, fatal to the rights of Oscar Williams, which falls within the exception to the general rule. The submission of counts 1, 2, and 3 was not such an error. Indeed, we are of the opinion that the evidence fully supported the verdicts on those counts.

The judgment is affirmed as to counts 1, 2, and 3, and reversed and remanded with instructions to grant Oscar Williams a new trial on count 4.