**SCHNITZER v. UNITED STATES.**

No. 10157.

Circuit Court of Appeals, Eighth Circuit.

April 25, 1935.

John R. Duty and W. N. Ivie, both of Rogers, Ark. (Claude Duty and Jeff Duty, both of Rogers, Ark., on the brief), for appellant.

John E. Harris, Asst. U. S. Atty., of Ft. Smith, Ark. (Clinton R. Barry, U. S. Atty., and Duke Frederick, Asst. U. S. Atty., both of Ft. Smith, Ark., on the brief), for appellee.

Before STONE, SANBORN, and FARIS, Circuit Judges.

STONE, Circuit Judge.

Appellant, with three others (his father and two brothers), was indicted on four counts charging, respectively, carrying on the business of a distiller without the required bond, carrying on such business with intent to defraud the government of the tax on spirits, making mash and wort fit for production of spirits on premises other than an authorized distillery, and concealment of whisky outside a bonded warehouse upon which no tax had been paid. During the trial, the fourth count was dismissed when it appeared from the evidence that the place of concealment was outside the division of the district wherein the indictment was returned. The verdict found the other three defendants not guilty as to all three of the remaining counts and appellant guilty as to all three counts. From judgment and sentence on this verdict, appellant brings this appeal.

The first contention here is that there was error in denying suppression of all testimony as to finding and seizure of 345 gallons of whisky from a house for the reason that such knowledge was procured without a search warrant in violation of the Fourth Amendment to the Constitution. After taking testimony thereon, the court denied the motion. This evidence was as follows: Appellant was an unmarried man living at the farm home of his father. About three-fourths of a mile away was a vacant farmhouse with a small stone outhouse some 50 feet away. Appellant owned the unoccupied property, but had rented the outhouse to a man whose name appellant could not remember. Both appellant and the tenant had keys to the outhouse. On the date involved, two investigators for the government went to the vacant property and smelled whisky or mash from the outhouse which was locked. They then went to the home of appellant where his father told them he knew nothing about the outhouse and had no key to it. Shortly, appellant came up. He told them he had a key and they asked him to go

with them and unlock the door of the outhouse. This he did. The father of appellant and the investigator who testified stated appellant made no objection to going with the investigators. Appellant does not say he objected to going or to opening the door. He says merely that the investigators told him that he might as well open it or they would chop the lock off. He opened the door and the whisky was found in the outhouse. In this situation, the motion was properly denied. While courts should be alert to prevent encroachments upon constitutional guarantees, the right to such protection is a matter of proof with the burden upon the one alleging such protection. Here the parties were given full opportunity to develop the facts and situation to which the amendment was to be applied. The showing by appellant was that the outhouse was his property but was under lease to another person and was being used by such lessee; that the whisky was not his and that the residence was unoccupied. For the purposes of the amendment, the outhouse was at that time not his house. Williams v. United States, 66 F.(2d) 868, 869 (C. C. A. 10); Brown v. United States, 61 F.(2d) 363, 364 (C. C. A. 8); Connolly v. Medalie, 58 F.(2d) 629, 630 (C. C. A. 2); Klee v. United States, 53 F.(2d) 58, 61 (C. C. A. 9); Chepo v. United States, 46 F.(2d) 70, 71 (C. C. A. 3); Holt v. United States, 42 F.(2d) 103, 105 (C. C. A. 6); McShann v. United States, 38 F.(2d) 635, 636 (C. C. A. 10); Coon v. United States, 36 F.(2d) 164, 165 (C. C. A. 10); United States v. Messina, 36 F.(2d) 699, 700, 701 (C. C. A. 2); Shields v. United States, 58 App. D. C. 215, 26 F.(2d) 993, 996; McMillan v. United States, 26 F.(2d) 58, 60 (C. C. A. 8); Simmons v. United States, 18 F.(2d) 85, 86 (C. C. A. 8); Graham v. United States, 15 F.(2d) 740, 742 (C. C. A. 8); Rosenberg v. United States, 15 F.(2d) 179, 180 (C. C. A. 8); Tritico v. United States, 4 F.(2d) 664 (C. C. A. 5). Even had the stone outhouse been entirely under his control and not leased, he did not bring himself within the protection of the amendment because the residence was not occupied by him [see Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898; Stark v. United States, 44 F.(2d) 946 (C. C. A. 8); Koth v. United States, 16 F.(2d) 59 (C. C. A. 9); Tritico v. United States, 4 F.(2d) 664 (C. C. A. 5)].

In the brief, appellant (for the first time) attacks the sufficiency of the indictment as being defective as to the place where the crimes are charged to have been committed. This matter is not open on this record wherein the sufficiency of the indictment was not challenged. Babb v. United States, 27 F.(2d) 80, 81 (C. C. A. 8); Beach v. United States, 19 F.(2d) 739, 742 (C. C. A. 8), certiorari denied 276 U. S. 623, 48 S. Ct. 303, 72 L. Ed. 736.

Appellant challenges the sufficiency of the evidence to sustain conviction as to any of the three counts. A careful reading and consideration of all the evidence compels the conclusion that this contention is not well founded.

Appellant attacks the admission of the evidence as to what was found at the search of the outhouse. The first argument is the claimed illegality of the search. This has been disposed of above in connection with the motion to suppress. Another argument is that because the outhouse was in another county and division of the district from that wherein the indictment was returned "there is no connection between what was alleged to have been found or discovered in said alleged search and the issues involved in this case." It is true, that the fourth count of the indictment, which covered the possession of this whisky, was dismissed during the trial because it was ascertained that the boundary line of the Fort Smith division (wherein the indictment was returned) was a few feet short of the location of the outhouse. However, the evidence as to the existence of this whisky in the outhouse was (under the situation developed by the evidence) pertinent evidence as to the offenses charged in the three remaining counts.

Contentions are presented concerning the admission of several portions of the evidence covered by assignments of errors 7 to 12, inclusive. Assignments 11 and 12 are not in compliance with rule 11 of this court, and, therefore, not open for consideration. No argument is presented here as to why the matter covered by assignment 8 is erroneous, so we must regard it as waived. The only matter in the brief which could possibly concern it is the bald statement that "they" (meaning all of these assignments) are error, followed by "some of these assignments of errors are so apparent and patent we deem it unnecessary to cite authorities on such assignments."

Assignments 7 and 9 cover the same matter, which is that appellant was asked who two persons were whom the officers saw leaving a still site and going toward the

house of appellant's father. The answer was that they were his brothers (presumably two of the other defendants). Assignment 10 covers an answer by an investigator that appellant told him that the still site was on his father's farm. The arguments as to all of these assignments are that it was not shown the statements attributed to appellant were voluntary (being made while he was under arrest) and they had no probative force. The only objection to any of this evidence (in so far as this appellant is concerned) was that it was "incompetent." At the time this evidence was admitted, all four defendants were in the case. No attempt was made to limit the objection to appellant. It may be added that the evidence was competent.

The charge is attacked on the ground: "That in his instruction he brought the testimony of the Government witnesses into much prominence. In other words, the instructions generally were to state the Government's case and telling the jury what circumstances they might consider in arriving at the verdict and in doing so enumerated all the circumstances which tended to convict the appellant, whether substantial or not, but did not fairly state the contention of the defendant's testimony. In other words, we maintain that the instructions of the court generally were more in the nature of 'argumentative discussion of the effect of evidence as proof, or the inference to be drawn from the acts of witnesses' and while, on the other hand, he brought into prominence the testimony of defendants by a discourse on their interests in the result of the case and the things which went to their discredit."

The only exceptions to the charge were:

"The Court: Have you any requests or exceptions?

"Mr. Frederick: None, Your Honor.

"The Court: Have you any for the defendants?

"Mr. Duty: We want to except to that part of the Court's charge as to the testimony of the officers as to what they found at the site of the still after they turned off the road, as I believe the Court said, and went down and found the still site—to that prominent part of the testimony to which the Court called the jury's attention.

"The Court: Let me see. Do you mean the comments of the Court?

"Mr. Duty: And the statements as what they said they found there.

"The Court: Was there anything incorrect in that? If there was I think it is your duty to point that out.

"Mr. Duty: The exception that we take on that is that the prominence that the Court gives that testimony.

"The Court: All right, your exceptions will be noted.

"Mr. Duty: Your Honor, in order to preserve the record, I want to except to that part of the instruction with reference to the defendants having testified in their own behalf, and what the Court said about the jury considering their testimony, an account of the prominence.

"The Court: All right, your exceptions will be noted.

"Mr. Ivie: And in that connection I want to ask the Court to tell the jury that the defendants, where they testify in their behalf in this case, that their testimony should be weighed and considered under the same rules as any other witness.

"The Court: That is what I gave them. I think I made that plain, that you are to weigh the testimony of the defendants by the same rules that you weigh the testimony of other witnesses."

The charge is not defective on the above-quoted ground and under the exceptions taken.

The judgment should be, and is, affirmed.